EDWARD SWINK v. THE STATE.

*No. 213. Decided January 31.*

1. **Theft — Indictment — Unknown Owner — Motion in Arrest.—** Where an indictment for theft of a cow alleged that the owner was unknown, but that the property was taken from a party, naming him, holding the same for the unknown owner, and negativing the want of consent of the latter, but failing to allege the want of consent of the unknown owner, *held*, the indictment was wholly insufficient, and the motion in arrest of judgment upon that ground should have been sustained.

2. **Same — General and Special Owner — Allegation — Want of Consent.—** Where property is owned by one party, and the possession is held by another, the indictment may so allege; but in such case, want of consent of

both must be alleged. It would in such case be sufficient to allege ownership in and negative the want of the special owner alone.

**3. Same — Allegation and Proof — Variance.**—|If an indictment for theft of an animal allege that the owner is unknown, but the proof shows that the name of the owner could have been known and ascertained by the use of ordinary diligence on the part of the grand jury, there will be a fatal variance between the allegation and proof.

**4. Same—Ownership of an Estray.**—Where an animal has been estrayed, this constitutes the party estraying it the owner in law, and the indictment for the theft of such animal should so allege the ownership.

APPEAL from the District Court of Dallas. Tried below before Hon. CHAS. FRED TUCKER.

This appeal is from a conviction for theft of one head of cattle, the punishment being assessed at a term of two years in the penitentiary.

The indictment is set out in the opinion of the court. A motion in arrest of judgment, upon the insufficiency of the indictment, was overruled.

*E. G. Williams* and *Stillwell H. Russell*, for appellant.—1. The court erred in overruling motion in arrest of judgment, because the indictment did not contain the allegation that the property was taken without the consent of the alleged owner of the property. If the indictment alleges the ownership in A and possession in B, it must also allege the want of consent of both A and B; and if the indictment alleges the ownership and possession in different persons, the State is bound to prove both as laid. Frazier v. The State, 18 Texas Cr. App., 443; Langham's case, 26 Texas Cr. App., 533; Williams' case, 26 Texas Cr. App., 131.

2. Defendant's requested instruction number 1, which was refused, is as follows: "You are instructed that a verdict of guilty can not be sustained in this case, because the evidence fails to show the want of consent of the alleged owner to the taking of the property alleged to have been stolen, and because there is no evidence to support the allegation in the bill of indictment that the person to whom the property belonged was to the grand jurors unknown; and because by the use of reasonable diligence the grand jury could have ascertained that the property was estrayed to and owned by one R. M. McGaughey."

(1) We submit, that inasmuch as the indictment alleged the ownership in an unknown person and the possession in one Robertson, it was error for the court, under the peculiar facts of this case, to refuse the first clause of the instruction asked.

(2) We submit that it was error to refuse to submit to the jury the second clause of the instruction, that there was no proof sustaining the allegation in the indictment to the effect that the person to whom the alleged stolen property belonged was to the grand jury unknown.

(3) We submit that it was error to refuse to submit to the jury the third clause in the instruction, that by the use of reasonable diligence by the grand jury it could have been ascertained that the said property was estrayed to and owned by one R. M. McGaughey. Frazier v. The State, 18 Texas Cr. App., 434; Langham's case, 26 Texas Cr. App., 533; Williamson v. The State, 13 Texas Cr. App., 514; Jorasco v. The State, 6 Texas Cr. App., 238; 3 Greenl. on Ev., sec. 22; 1 Bish. Crim. Proc., 2 ed., secs. 549, 552; 1 Chit. Crim. Law, 213; Whart. Am. Crim. Law, sec. 251; Ched v. The State, 38 Ala., 227; Blodget v. The State, 3 Port., 403.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Omitting the formal portions thereof, the indictment charges, that defendant "did unlawfully and fraudulently take one head of cattle, the same being the corporeal personal property of a person to the grand jurors unknown, from the possession of James Robertson, who was holding the same for the said person to the grand jurors unknown, without the consent of the said James Robertson, and with the fraudulent intent to deprive the said person to the grand jurors unknown of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Edward Swink. * * * Against the peace and dignity of the State."

Motion in arrest of judgment was made, upon the ground that the indictment failed to negative the consent of the unknown owner. The motion was overruled. Where the property is owned by one party, and the possession is held by another, the indictment may so allege. But when the pleader so avers, the indictment must negative the consent of both. While it is sufficient to allege ownership and possession in the party having the actual care, control, and management of the property, in order to constitute the indictment a valid one, yet if the pleader elect to allege ownership in the real owner, and possession in the party so holding the property, the indictment must negative the consent of both.

The motion in arrest of judgment was well taken.

Again, the indictment may allege ownership in an unknown owner, but on the trial, in order to sustain the indictment, the State must prove the grand jury could not and did not, by the use of reasonable diligence, ascertain the name of the owner, otherwise there will be a fatal variance between the allegation and proof. If the owner can not thus be ascertained, it is sufficient to aver the ownership in some person to the grand jurors unknown.

In this case every witness testified, and the record evidence proved, that R. M. McGaughey had estrayed the animal in question. This constituted him in law, for the purposes of this prosecution, the owner of the

cow. The very evidence upon which the jury predicated the finding of their verdict must of necessity have been the basis of the action of the grand jury in finding this indictment, for the names of the witnesses who testified on the trial, as was that of R. M. McGaughey, who was also present, but did not testify on the trial, are all endorsed as witnesses upon the back of the indictment. If ownership was not proved before the grand jury, the slightest diligence on the part of that body would have discovered who was the owner.

The record shows a fatal variance between the averments of the indictment and the evidence in this respect. As the question will not arise upon another trial, it is not necessary to discuss the supposed variance between the names Robertson contained in the indictment, and Robison as proved in the trial.

Because the indictment is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.