CHAS. KERSH v. THE STATE.

No. 2795. Decided December 9, 1903.

1.—Recognizance—Sufficiency.

See form of recognizance as it appears in the statement of this case which is held to be in accord with article 887, Code Criminal Procedure.

2.—Indictment—Allegation of Ownership.

The indictment alleged the ownership of the stolen property in J. E. B.; the proof showed it to be the property of the Houston East & West Texas Railway Company, but that the said J. E. B. had the actual care, management and control of said property as agent of said company. Held, that it was proper for the indictment to allege the property in J. E. B.

3.—Same—Proof of Ownership—Temporary Employe.

Where the evidence shows that P. was the mere servant and temporary employe of B., it would not be necessary for the indictment to allege the possession in P.

**4.—Same—Variance in Proof.**
There is no variance where the indictment describes the property as "six tickets of the value of five cents each," and the proof shows that five tickets of the value of one-fourth of a cent each were stolen.

Appeal from the County Court of Polk. Tried below before Hon. A. B. Green.

Appeal from a conviction of theft of property, under the value of $50; penalty, a fine of one dollar and ten days confinement in the county jail.

The recognizance was conditioned, "that the said Chas. Kersh, who stands charged in this court with the offense of theft of property of value less than $50, a misdemeanor, and who has been convicted of said offense in this court, and his punishment fixed at a fine, etc., as more fully appears by the judgment of conviction duly entered in this cause shall appear," etc.

No further statement is necessary.

*F. Campbell,* for appellant.—Where one person owns property and another person has possession, charge or control of the same, the ownership thereof may be alleged to be in either, but the want of the owner's consent must be proved like any other element of the case. Wilson v. State, 12 Texas Crim. App., 487, cited with approval in Schultz v. State, 20 Texas Crim. App., 311; Bowling v. State, 13 Texas Crim. App., 339.; Gabrielsky v. State, 13 Texas Crim. App., 442; Williamson v. State, 13 Texas Crim. App., 519. Where one of the owners of stolen property fails to testify directly as to his want of consent, circumstantial evidence of it is not admissible. Wisdom v. State, 61 S. W. Rep., 926. If the evidence shows ownership in some other person than the alleged owner, the defendant is entitled to be acquitted. Clark v. State, 13 S. W. Rep., 171; Williams v. State, 9 S. W. Rep., 357, citing specially Hall v. State, 3 S. W. Rep., 338.

*Howard Martin,* Assistant Attorney-General, for the State.—Now comes the State by the Assistant Attorney-General, and would show that the recognizance herein is defective, in that it does not comply with the form prescribed in article 887, Code Crim. Proc., in that it does not show that appellant was convicted of a misdemeanor "in this cause," as therein prescribed. See Cater v. State, Nov. 4, 1903; Meeks v. State, 7 Texas Ct. Rep., 824.

BROOKS, JUDGE.—Appellant was convicted of theft of property, under the value of $50, and his punishment assessed at a fine of $1 and ten days confinement in the county jail.

The Assistant Attorney-General moves to dismiss the appeal on account of an alleged defective recognizance. In our opinion the recognizance is in accord with article 887, Code Crim. Proc.

The property appellant is charged with stealing was six railroad

tickets, of the value of five cents each, the same being the corporeal personal property of J. E. Burton. The undisputed proof shows that the alleged stolen tickets were the property of the Houston East & West Texas Railway Company; but the evidence establishes the fact that J. E. Burton had the actual care, management and control of said tickets, as agent of said company. Under this state of facts it was proper for the indictment to allege the tickets to be the property of J. E. Burton. Bailey v. State, 18 Texas Crim. App., 426; Frazier v. State, 18 Texas Crim. App., 434; Littleton v. State, 20 Texas Crim. App., 168.

Appellant further insists that Pickard had the management and control of said tickets. The evidence shows Pickard was the mere servant and temporary employe of Burton. Under this state of facts it would not be necessary for the indictment to allege the possession in Pickard. Emerson v. State, 33 Texas Crim. Rep., 89; Graves v. State, 42 S. W. Rep., 300.

Appellant further contends there is a variance between the allegations in the indictment and the proof, in this: that the indictment alleges "six tickets of the value of five cents each," whereas the proof only shows five tickets were taken of the value of one-fourth of a cent each. This is not a variance. The State is not bound to prove the exact number or value of the articles alleged in the indictment; but may prove a less number or a less value. No error appearing in the record, the judgment is affirmed.

*Affirmed.*