## S. T. BARNES V. THE STATE.

No. 2803. Decided June 15, 1904.

**1.—Charge of the Court—Ownership—Theft.**

Where the evidence showed that the party alleged to be the owner of the cattle stolen was the superintendent of a corporation and had charge of all of their interests in Texas, including the cattle, and that the alleged cattle were at the time they were taken by defendant in one of the pastures of said corporation, it was not error to charge that cattle running in their accustomed range were in possession of their owner.

**2.—Evidence—Ownership—Agent—Range.**

Where the evidence showed that the superintendent of a corporation had charge and full control of all the company's interests in the State and that the cattle alleged to have been stolen were taken from one of the company's pastures, it was sufficient to prove that the superintendent was the owner of said cattle as alleged and that they were in his possession when taken.

**3.—Charge of the Court—Confusing Instructions.**

Where the court charges the jury in one portion of his charge that if they believe certain statements made by defendant to acquit him, and in another portion assumes such statement to be a confession of guilt which requires conviction if corroborated by other evidence, a conviction will be set aside.

**4.—Same—On Weight of the Evidence.**

A charge which assumes the statement of defendant made before a grand jury as a witness, as well as other statements by him, to be confessions of guilt is on the weight of the evidence, and erroneous.

**5.—Same—Accomplice.**

Where the evidence shows that the State's witness assisted defendant, who was charged with theft of certain cattle, in taking, driving and milking the cows and branding the calves alleged to have been stolen, the court should have charged on the corroboration of the testimony of an accomplice.

Appeal from the District Court of Dickens. Tried below before Hon. J. M. Morgan.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. A. Green, R. S. Holman,* and *Chas. E. Coombes,* for appellant. —The possession of personal property is constituted by the exercise of actual care, control and management without regard to whether such property is running at large upon its accustomed range or not. Seven or eight cows and five calves were driven by appellant from near the

Davis place in the Matador pasture to appellant's home for the purpose of milking the cows. This occurred in the early spring, and in October following, after the mothers had strayed or been driven away, appellant traded three calves to Darby. Appellant lives in the Matador pasture. The State's witness A. G. Ligertwood testified: I am in the employ of the Matador Land and Cattle Company. I am the superintendant of the company's business in Texas. I am general manager of all its interests in this country and as such general manager I have charge of all stock, pastures etc., belonging to the company in Dickens, Motley, Floyd and Cottle counties. Penal Code, art. 863; Frazier v. State, 18 Texas Crim. App., 434; Bailey v. State, 18 Texas Crim. App., 426; Tinney v. State, 5 S. W. Rep., 831; Littleton v. State, 20 Texas Crim. App., 168; Connor v. State, 6 S. W. Rep., 138.

It is fundamental error for the court to give undue prominence to any portion of the evidence, or comment on the weight of the same. Code Crim. Proc., art. 715; Reese v. State 5 Texas Ct. Rep., 34; Webb v. State, 8 Texas Crim. App., 115; Long v. State, 1 Texas Crim. App., 466; Reese v. State, 5 Texas Ct. Rep., 984, and authorities there cited.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for cattle theft. The indictment contained two counts, one charging theft by conversion; the other ordinary theft. Both were submitted to the jury. A general verdict was returned. Neither the verdict nor the judgment specified the count upon which the conviction and judgment rests. However, there is no evidence sustaining the count charging theft by conversion. The evidence shows that defendant and his son, a witness for the State, took up some cows for the purpose of milking them. The cows belonged to the Matador Land and Cattle Company, whose property was under the control of Ligertwood. The mothers of three calves disappeared, or were driven away from where appellant was milking them, leaving their three calves in his possession; that he continued in possession of the calves, feeding and taking care of them, until he finally traded them for a well-rope to be used with his boring machine. This is about the substance of the testimony in the case. Appellant appeared before the grand jury, and testified. The witness Gilmore, foreman of the grand jury, was introduced and reproduced appellant's testimony before the grand jury substantially in the following language: "That he (Barnes) had permission from the Matador people to milk their cows, and that he had been milking their cows for some time, that last spring he got up seven head of the Matador cows, and that when they had milked them for about six weeks, three of them disappeared, leaving their three calves on his hands without mothers; that he (Barnes) fed and took care of them until about the first or second of September following, when he (Barnes) traded them to Mr. Darby for a rope for his (Barnes') well machine; that one of the calves was red and white

spotted; the other two red with white faces; that they belonged to the Matadors, and their mothers were branded with a V on the right side and a V on the right hip; and that the Matador men came and branded the other calves in the pen; that he (Barnes) had no authority from the Matador people to sell or dispose of these three calves traded to Mr. Darby, and that he (Barnes) had not stated to any person he had taken in these three calves for work done in the southern part of the county; that he (Barnes) considered he ought to have the three calves for his trouble with them; that he had talked with Dr. Love about the matter, who advised him to the same effect. * * * Defendant was summoned to appear before the grand jury. Was asked if he wanted to make any statement; was then sworn and testified willingly, and seemed anxious to tell all about the matter. Witness believed defendant would tell the same thing now, if placed on the witness stand. Dr. Love is a justice of the peace." Lockett was also introduced as a witness. He was a member of the grand jury. His testimony is substantially the same as Gilmore's. Young Barnes testified for the State that he was with his father when he took up the cattle, and that he took them for the purpose of milking them.

Appellant contends that the court's charge was erroneous wherein he informed the jury that cattle running in their accustomed range were in the possession of their owner, and that the evidence was not of sufficient cogency to show Ligertwood was the owner. We are of opinion there is nothing in these contentions. Ligertwood testifed that he was superintendent of the Matador Land and Cattle Company, and had charge and control of all of their interests in Texas, including the land and property of every sort, horses and cattle. These cows when taken by appellant were in one of the pastures of the Matador Land and Cattle Company, and in which appellant resided. Under this statement of the evidence Ligertwood was in as complete control of the property as the owners themselves could have been. There was no error in so charging the jury. The cattle were in their accustomed range, because they were in the pasture of their owners. Ligertwood was in charge of the pasture and the cattle, and for the purpose of this prosecution was the owner.

Exception was reserved to the following portion of the court's charge: "The State has introduced testimony to prove the confession of defendant made before the grand jury, and other confessions of defendant, and you are charged that the law is that a defendant can not be convicted of a crime on his own confession alone; therefore, if you should find and believe defendant's confessions so introduced in evidence shows the commission of the offense charged in the indictment, yet unless you find and believe from the evidence beyond a reasonable doubt that the State has corroborated said confession by other evidence, both as to the commission of the offense and the defendant's connection therewith, and that all the evidence taken together proves to your satisfaction beyond a reasonable doubt every material allegation in the indictment, you will find defendant not guilty." Exception was reserved to this

charge on several grounds. This charge is on the weight of the testimony. It assumes that the statements made before the grand jury as well as other statements are confessions of guilt. Upon the same facts the judge instructed the jury in a previous section of the charge, if they believed the statement to be true, to acquit, because of a want of fraudulent intent at the time of the original taking. So the court has in one section of the charge instructed an acquittal if the facts are found to be true; and in the other assumes a confession and requires a conviction. This left the jury in the dilemma from which they extricated themselves by using the statements and testimony as evidence of guilt and convicted appellant.

In regard to the corroboration of this confession, if they be treated as confessions, the State relied upon the testimony of the son, whose evidence shows that if the original taking of the animal by his father was a fraudulent one, then the son was an accomplice; because he assisted, and if that attached, so as to make the father guilty at any stage of the possession of the animals, the son was equally guilty, because he assisted in the taking, in driving the cattle home, in milking the cows, and branding the calves when they were sold. But the court failed to instruct the jury that, under the facts and circumstances, if appellant was guilty of theft, the son would be an accomplice and would require the corroboration mentioned in the statute. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*