## O. E. Evans v. The State.

No. 2395.  Decided April 2, 1913.

**Fraudulent Conversion—Indictment—Contract of Hiring.**

Where, upon trial of fraudulent conversion, the indictment sufficiently alleged a contract of hiring, there was no error in overruling a motion to quash.

Appeal from the District Court of Travis.  Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of fraudulent conversion of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This record is before us without a statement of facts or bill of exceptions.  It is contended the indictment is not sufficient in that it fails to sufficiently allege the authority of Thompson as the agent of Rankin to make a contract of hiring with appellant.  The indictment charges theft of a horse by conversion. After alleging that the horse was the property of Julian Rankin the indictment thus avers: "And the possession having theretofore been acquired by the said O. E. Evans, by virtue of a contract of hiring and borrowing made by him the said O. E. Evans with one Jim Thompson, who was thereto duly authorized by the said Julian Rankin, the said Jim Thompson then and there being the clerk, agent and employe of the said Julian Rankin, and the said O. E. Evans did then and there, without the consent of the said Julian Rankin, and without the consent of the said Jim Thompson, etc., fraudulently convert said horse to his own use."

The case is submitted without brief or authorities to sustain the contention made by appellant.  We are of opinion that this is sufficient to allege that Jim Thompson was the agent and employe, etc., of Rankin, and sufficiently charges that he made a contract of hiring and borrowing as alleged, and if the evidence sustained the allegations in the indictment in this respect it would be sufficient.  There can be no doubt, we think, under the allegations that Thompson was alleged to be the agent and employe of Rankin, and that he had authority to make the contract alleged to have been made between himself as agent of Rankin and appellant in regard to hiring the horse.

The judgment is affirmed.

*Affirmed.*