### FRANK VAJDAK v. THE STATE.

No. 4729.  Decided December 12, 1917.

**1.—Wilfully Obstructing Public Ditch—Insufficiency of the Evidence.**

Where, upon trial of wilfully obstructing a public ditch, etc., the evidence did not show any wilful obstruction, a conviction could not be sustained. Following Richardson v. State, 85 S. W. Rep., 282, and other cases.

**2.—Same—Evidence—Declarations of Defendant.**

Upon trial of wilfully obstructing a public ditch, etc., testimony that defendant built a levee on his land, and thereafter had a conversation with one of the county commissioners in which he declared that he was unwilling to open the drain through his premises or permit it to be done, was inadmissible. Following McMillen v. State, 77 S. W. Rep., 790, and other cases.

Appeal from the County Court of Burleson. Tried below before the Hon. W. M. Hilliard.

Appeal from a conviction of wilfully obstructing a public ditch; penalty, a fine of twenty-five dollars.

The opinion states the case.

*R. S. Bowers,* for appellant.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was charged by information in two counts, the first count was under article 826, P. C., containing the following: "If any person shall wilfully obstruct any public ditch or shall wilfully divert the water from its proper channel he shall be guilty of a misdemeanor." The allegation is as follows: "Did then and there unlawfully and wilfully obstruct and divert the water from its proper channel, a stream situated and belonging to Burleson County, Texas, by then and there erecting an embankment, or levee, across said natural channel or stream, thereby obstructing the water from its natural flow."

The second count charged the obstruction of the public road by substantially the same means. Both counts were submitted to the jury, and conviction was under the first.

It appears that there was a channel or drainway through which the water naturally flowed across appellant's premises. Adjoining his premises was a public road and some years prior to the alleged offense the county had thrown up this road into a levee about 100 yards long across low ground; leaving at the place where the drain crossed the road an opening over which was constructed a bridge or culvert. This channel where it passed across the road and into appellant's land was about twelve feet wide. The drainway or channel on appellant's land adjoining the road had been filled up from washing from the road and from other adjacent lands west of the road, and had been in this condition some four years prior to the beginning of this prosecution. The drain was not filled up by appellant nor was he in any way connected therewith. Another channel or drainway had been diverted by other parties and turned down by the side of the road so as to divert the water into the channel which was across appellant's land. The water thus diverted where the attempted drain of another channel accumulated in the road flowed over onto appellant's land at a place above and below the drainway through his land, and to protect his land against this overflow from the diverted water accumulating in the road he built on his own land a levee parallel with the road, leaving the levee open for the width of the drainway left in the road. This levee did not contribute to the filling of the ditch or drain through appellant's land as that had been filled by the dirt washing into it from the road and elsewhere for some four years before appellant built his levee. The act complained of to support the prosecution must have been a wilful act. Richardson v. State, 47 Texas Crim. Rep., 592, 85 S. W. Rep., 282; Schubert v. State, 16 Texas Crim. App., 645. The greater part of the evidence bore on the count in the indictment which charged an obstruction of the public road and there was evidence which would have supported a finding that the construction of the levee resulted in some injury to the public road. The appellant was acquitted, how-

ever, of that count, and as we understand the evidence, it does not show that appellant wilfully obstructed the drain through his premises; on the contrary, it appears that the drain through his premises was not obstructed by him at all but that it had been obstructed for several years by reason of the dirt washing into it and as applied to the first count we think the evidence fails to support the charge.

There was evidence that some time after the appellant built the levee on his land one of the county·commissioners had a conversation with him in which the appellant in substance declared that he was unwilling to open up the drain through his premises or permit it to be done. Similar testimony was held inadmissible in the Richardson case, 46 Texas Crim. Rep., 83, citing Hatfield, 67 S. W. Rep., 110, and McMillen, 77 S. W. Rep., 790.

The Assistant Attorney General in his brief concedes that this case should be reversed, and in this conclusion we think he is correct.

Reversed and remanded.

*Reversed and remanded.*