### S. J. VARRATTA V. THE STATE.

No. 9847.   Delivered February 10, 1926.

**Theft by Bailee—Indictment—Allegation and Proof—Variance Fatal.**

Where an indictment charging theft by a bailee, sets out that appellant acquired possession of the automobile as bailee of Fred. J. Storey, and the proof showed that the contract of hiring was with Mrs. Fred Storey, the wife of Fred Storey, the variance between the allegations in the indictment and the proof, is fatal. See McCarty v. State, 45 Tex. Crim. Rep. 512; Evans v. State, 155 S. W. 531.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for theft by bailee, penalty three years in the penitentiary.

The opinion states the case.

*Harry Myers* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney for the State.

BERRY, JUDGE.—The offense is theft by bailee and the punishment is three years in the penitentiary.

The indictment charges that the automobile in question belonged to Fred J. Storey and that appellant acquired possession of the same as bailee by virtue of his contract of hire with the said Fred J. Storey. The statement of facts shows that the contract of hiring was with Mrs. Fred Storey, the wife of Fred J. Storey, and that the possession of the automobile was secured from Mrs. Storey. The indictment nowhere alleges that the contract of hiring was made with Mrs. Storey as the agent of Fred J. Storey, the owner, and neither does it allege the want of consent on the part of Mrs. Storey, the agent of said Fred J. Storey.

It is appellant's contention that the allegations and the proof do not correspond. We think appellant's contention in this respect is correct. It has been correctly stated that "if the bailment was made with the agent of the owner, the indictment should directly allege that the agent was duly authorized to make such contract." McCarty v. State, 45 Tex. Crim. Rep. 512; 78 S. W. 506; Evans v. State, 155 S. W. 531.

Under this record we have no option but to hold that the allegations and the proof do not correspond. The name of the party with whom the contract of bailment is made is descriptive of the offense and the proof must correspond with the allegation as to the name of the party with whom the contract of bailment was made. It is accordingly ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved.