## W. R. TAYLOR, ALIAS C. N. NELSON, V. THE STATE.

### No. 11451.   Delivered March 28, 1928.

1.—**Theft by Bailee, a Misdemeanor—Information—Authority of Agent— Sufficiently Alleged.**

Where an information charging theft by bailee, avers that the bailor was the agent, of and was thereunto duly authorized by the owners of the property to make the contract of hiring, same was sufficient. See Evans v. State, 155 S. W. 531.

2.—**Same—Allegation and Proof—Variance Fatal.**

Where the complaint and information in a case of theft by bailee avers that the property was converted by appellant without the consent of the agent and the owners thereof, it was incumbent on the state to prove the want of consent of both the agent and the owners. See Branch's Ann. P. C., Sec. 2452; Swink v. State, 24 S. W. 893.

3.—**Same — Want of Consent — Proof by Circumstantial Evidence — Rule Stated.**

Under certain conditions, want of consent may be proven by circum stantial evidence, but where positive or direct proof as to want of consen is available, circumstances alone cannot be resorted to. See Brown v. State, 125 S. W. 915.

4.—**Same—Continued.**

In order to require the state to produce direct proof, when available, of want of consent it is necessary that the accused timely object to the use of circumstantial evidence. The failure to object to the use of circum-stantial evidence is a waiver of the right of the accused to require the proof of direct evidence. See Meredith v. State, 211 S. W. 227, and other cases cited.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for theft by bailee, a misdemeanor, penalty a fine of ten dollars and confinement in jail for one day.

The opinion states the case.

*Warren P. Castle* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft by bailee, a misdemeanor, the punishment a fine of ten dollars and confinement in jail for one day.

Appellant moved to quash the complaint and information on the ground that they did not allege that L. K. Evans, as agent of the owners of the gun, was duly authorized to make a contract of hiring with him. Appellant's motion was properly overruled. A. E. Merley and A. May were alleged to be the owners of the converted property. It was expressly alleged in the complaint and information that the agent "was thereunto duly authorized by the said A. E. Worley and A. May." This was sufficient allegation of the agent's authority to make the contract of hiring. Evans v. State, 155 S. W. 531.

It was alleged in the complaint and information that the property was converted by appellant without the consent of the agent and without the consent of the owners thereof. It was directly shown that the agent did not give his consent to the conversion. There was no proof, other than a statement by the agent to the effect that he did not hear them give their consent to the conversion, showing want of consent by the owners of said property.

The rules in cases of ordinary theft relative to alleging and proving want of consent apply to cases of theft by bailee. Where ownership is alleged in one person and possession in another the state is required to prove the want of consent of each. Branch's Ann. P. C., Sec. 2452; Swink v. State, 24 S. W. 893. The complaint and information having alleged that the property was converted without the consent of the owners thereof it was incumbent upon the state to sustain such allegation.

Under certain conditions want of consent may be proven by circumstantial evidence. Branch's Ann. P. C., Sec. 2452; Brown v. State, 125 S. W. 915. Where positive or direct proof as to want of consent is available, circumstances alone cannot be resorted to. Brown v. State, supra. In order to require the state to produce positive or direct proof when available to prove want of consent it is necessary that the accused timely object to the use of circumstantial evidence. The failure to object to the use of circumstantial evidence is a waiver of the right of the accused to require that the proof relative to want of consent be made by direct evidence. Meredith v. State, 211 S. W. 227; Brown v. State, supra. However, a conviction cannot stand unless the evidence relative to the want of consent is sufficient to overcome the presumption of innocence. The evidence as to want of consent must be legally sufficient to form the basis of the judgment. Meredith v. State, supra. In the

instant case, the circumstances relied upon by the state to show the want of consent of the owners of the property were insufficient. It necessarily follows that the evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.