## O. H. KITCHEN v. THE STATE.

No. 14842. Delivered November 18, 1931.
Rehearing Granted June 23, 1933.
Reported in 62 S. W. (2d) 144.

Judge Lattimore, dissenting.

The opinion states the case.

*Lockhart, Garrard & Brown,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of $100.00, and thirty days in the county jail.

We find in the record no statement of facts. Contention is made that the court erred in refusing to quash the complaint and information because same do not anywhere allege that the taking of the property in question was without the consent of the Magnolia Petroleum Company. As far as the exact question is concerned, we note that the complaint and information charge the taking of property which belonged to the Magnolia Petroleum Company, but was then and there in the possession of one Westerman, who held same for said company, and that the taking was without the consent of the said Westerman or any one for the company, etc. If there was any question as to the necessity for an allegation of the want of consent of the company, we think same would sufficiently appear from the above. As we view this case, however, it being alleged that the property was being held in possession by Westerman, and that it was taken without his consent, etc., this rendered unnecessary any further allegation with regard to the lack of consent. In Osborne v. State, 93 Texas Crim. Rep., 54, and in Frazier v. State, 18 Texas App., 434, which is referred to and discussed at length in the Osborne case, supra, and in many other authorities, it is laid down as sufficient, in a theft case, to allege the ownership in the special owner who had the actual care, control, and management of the property at the time, and to allege want of consent on the part of said special owner.

Complaint is made in another bill of exception because of the refusal of the court to postpone the case, the ground of the request being the absence of appellant's counsel, but we learn from the record aliunde that they appear to have been present and to have represented appellant upon the trial.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The complaint and information—so far as ownership, possession, and want of consent is concerned —contained the averment that appellant did "fraudulently take fifty gallons of gasoline of the value of $7.50, the same being the corporeal personal property of the Magnolia Petroleum Company, and then and there in the possession of J. L. Westerman, he, the said J. L. Westerman, being in lawful possession of and holding for the said Magnolia Petroleum Company the said gasoline, the which taking was without the consent of the said J. L. Westerman, or any agent of the said Magnolia Petroleum Company * * *."

Appellant presented a motion to quash the complaint and information because it did not "appear in said complaint and information anywhere that the Magnolia Petroleum Company is a corporation, partnership, or what it is * * * and does not anywhere charge that the taking of the property * * * was without the consent of the Magnolia Petroleum Company."

As we understand it, appellant's contention is that, the state having alleged ownership in said company and possession in Westerman, it should also have alleged want of consent of both the company and Westerman, in the absence of an averment that the company was a corporation.

Both *ownership*, possession and want of consent may be alleged in the person having actual control, care, and management of the property at the time of the theft, since such person is in law the special owner, and it is immaterial under such averment whether the title be in a corporation, partnership, joint-stock company, or in a private person. That such pleading is the better practice, and would avoid such questions as that here presented, has been said so often it is not necessary to cite many particular cases. They will be found collated in note 3, under article 402, Vernon's Ann. Tex. C. C. P., vol. 1, and in Branch's Ann. Tex. P. C., sec. 2434, p. 1316; Frazier v. State, 18 Texas App., 434; Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W., 928. But if in the indictment *ownership* is alleged in one party and *possession* in another, it should also be averred in the indictment that the property was taken without the consent of either. Bland v. State, 18 Texas App., 12; Bailey v. State, 18 Texas App., 426; Frazier v. State, 18 Texas App., 434; Swink v. State, 32 Texas Crim. Rep., 530, 24 S. W., 893; Hall v. State,

22 Texas App., 632; Torrence v. State, 85 Texas Crim. Rep., 310, 212 S. W., 957; Jemison v. State, 79 Texas Crim. Rep., 313; Taylor v. State, 109 Texas Crim. Rep., 323, 4 S. W. (2d) 564; Johnson v. State, 34 Texas Crim. Rep., 254, 30 S. W., 228; Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W., 928.

So far as the writer is aware, the only modification of the foregoing rule is in cases where the indictment alleges the real owner of the stolen property to be a corporation and avers that it was taken from and without the consent of a person who had possession thereof and who was holding it for the corporation. In such cases it is held that, where the true owner is alleged to be a corporation, it is sufficient to allege and prove want of consent of the person in possession and holding the property as agent for the corporation itself. The reason upon which such distinction is based is clear from the opinion in Osborne's case, supra, and is thought to be sound. We quote from that opinion as follows: "A corporation may, in its corporate name, hold title (ownership) to personal property which is the subject of theft. It is equally true that the 'actual care, control and management' (the possession) thereof must of necessity be in some natural person, some one acting for the corporation. Therefore the better rule of pleading in charging theft of such property is always to charge both ownership and possession in such natural person. In the instant case, the pleader alleges ownership in the corporation, but further avers that the property was held for it by certain parties, thereby alleging what is a necessary corollary to corporate ownership, that some natural person must be in actual possession; the averment of the indictment informs us as to the identity of these parties, and avers that the property was taken from their possession without their consent. Having averred that they were holding it for the corporation, and that it was taken from them without their consent, is tantamount to an averment that it was taken without the corporation's consent (in so far as the law of theft is concerned) without a direct allegation to that effect. * * * This case is distinguished from Swink v. State, 32 Texas Crim. Rep., 530, 24 S. W., 893, and other cases cited, in that the indictments therein do not disclose the real owner to have been a corporation."

The information in the present case having omitted an averment that the named owner was a corporation, the sufficiency of the information must be determined by the general rule that, when ownership is alleged in one party and possession in another, the want of consent of both should be averred and proven.

It is the opinion of the writer that in the particular mentioned the complaint and information are fatally defective, that the motion for rehearing should be granted, the judgment of affirmance set aside, and the judgment of the trial court should be reversed and the prosecution ordered dismissed under the present complaint and information.

*Reversed and remanded.*

I adhere to what I said in the original opinion.

LATTIMORE, Judge.