W. A. McWHORTER, ALIAS FRANK M. MURRY, v. THE STATE.

No. 16245. Delivered December 20, 1933.
Reported in 65 S. W. (2d) 1101.

The opinion states the case.

*J. H. French, Jr.,* and *Geo. E. French,* both of Daingerfield, and *J. A. Ward,* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of theft by bailee, and his punishment assessed at confinement in the state penitentiary for a term of four years.

The facts proven upon the trial are in substance as follows: Mrs. M. S. Guess, formerly Mrs. M. S. Tidwell, was the owner of Mexican Government bonds of the following denominations, to-wit: Four of 500 pesos each and four of 1000 pesos each. About the middle of April, 1931, the appellant appeared at the home of Mrs. Guess and told her he was selling German bonds and asked her if she would be interested in any. She told him that she was not interested in any such bonds and he then asked her if she had any Mexican Agrarian bonds, whereupon she told him she did own some. The defendant then left but came back about the last of April, 1931, and asked to see the Mexican Agrarian bonds. He said he wanted to test those bonds; that he was employed by the Mexican Government as a secret service man to test those bonds; that some were spurious and those that were not good would be taken up and others issued in lieu thereof; that a lot of bogus bonds were circulating. Mrs. Guess showed him the bonds and he used a magnifying glass to test them with. He said all the original bonds were written by a good typewriter but the bogus bonds were written with a cheap typewriter which made "splotches." She relied upon his statements and believed them to be true and turned over said Mexican bonds to him to have same exchanged. The defendant gave her a receipt for said bonds, which reads as follows: "Omaho, Texas. May 1, 1931. Received of Mrs. M. S. Tidwell Twenty Thousand Mexican peso bonds for exchange. Signed: Frank M. Murry." The defendant told her he would mail the bonds back to her in about three or four weeks and told her that he lived in Houston, Texas. About August 11, 1931, Mrs. Guess not having heard from the defendant wrote a letter ad-

dressed to the defendant at Houston, Texas, requesting him to return the bonds, but the letter was returned unclaimed, and she never saw the defendant any more until he was in the Morris County jail. Mrs. Guess did not authorize the defendant to appropriate the bonds nor did she consent to him using them for his benefit. The bonds were not written in the English language. The state's testimony further showed that the Mexican Agrarian bonds were of five hundred and a thousand peso denomination and the thousand peso denomination bond was worth from ninety to a hundred dollars in American money. A peso is about 48 or 49 cents in American money. The bonds were in pesos and not dollars. They were not in the English language nor did they have the American dollar mark on same.

The indictment in this case embraces three counts. Under the first count it attempts to charge the defendant with ordinary theft, but that count is defective inasmuch as it does not charge all of the constituent elements of theft under article 1410, Vernon's Ann. P. C. of Texas. The want of consent in cases of ordinary theft is a necessary constituent element of the offense and should be charged in the indictment. The second count of the indictment, upon which the defendant was convicted, reads as follows:

"That on or about the 1st day of May, 1931, in Morris County, Texas, and anterior to the presentment of this indictment the defendant W. A. McWhorter, alias Frank M. Murry, had in his possession personal property as follows: eight Mexican Government Agrarian five per cent bonds as numbered and distinguished and described as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| $500. | Serie 2 | Letra | E | No. | | 108218 |
| $500. | " " | " | " | " | | 109054 |
| $1000. | " " | " | F | " | | 114584 |
| $1000. | " " | " | " | " | | 114585 |
| $1000. | " " | " | " | " | | 114306 |
| $1000. | " " | " | " | " | | 114583 |
| $500. | " " | " | E | " | | 108828 |
| $500. | " " | " | " | " | | 108924. |

the same being the value of $6000.00, then and there being the personal property of Mrs. M. S. Guess nee Mrs. M. S. Tidwell, by virtue of his contract representing himself as being an agent of the Government and representing to the said Mrs. M. S. Guess nee Mrs. M. S. Tidwell that the said Mexican bonds were spurious bonds, and that he as agent for the said Government would take said bonds and exchange them for bonds that were genuine, and the said W. A. McWhorter, alias Frank M. Murry, did then and there unlawfully and without the consent

of the said Mrs. M. S. Guess nee Mrs. M. S. Tidwell, the owner thereof, fraudulently convert said personal property to his, the said W. A. McWhorter, alias Frank M. Murry's, own use and with the intent to deprive the said Mrs. M. S. Guess nee Mrs. M. S. Tidwell, the owner thereof, of the value of the same."

. · This count of the indictment also appears to be defective in that it undertakes to charge the defendant with theft by bailee. It will be observed that in said count of said indictment the state in effect charged that the appellant had in his possession certain Mexican bonds which belonged to Mrs. M. S. Guess; that his possession was by virtue of his contract representing himself as being an agent of the government and representing to the said Mrs. M. S. Guess that the said Mexican bonds were spurious bonds and that he as agent for the said government would take said bonds and exchange them for bonds that were genuine and that the appellant then and there unlawfully converted said bonds to his own use and benefit. The offense of theft by conversion by bailee rests primarily upon the existence in the first instance of some character of bailment, either of hiring or of borrowing, or other bailment. This is made so by the very statute itself. Article 1429, P. C., and Branch's Ann. P. C., sec. 2521. While it is not necessary to allege the particular facts constituting the bailment, yet nevertheless the fact that there was a bailment must be alleged for under this statute a conviction cannot be had under an indictment charging an ordinary theft. It will be observed that the indictment says that the appellant had the possession of the property by virtue of his contract. It does not say with whom his contract was made but the contract is described and it is said that this contract was representing himself as being an agent of the government, no doubt meaning the Mexican government, and from this the conclusion is reached that the appellant got possession of the bonds not as the agent of the injured party but as the agent of the Mexican government, because the indictment, among other things, contains this allegation, "and that he as agent for said government would take said bonds and exchange them for bonds that were genuine." If this allegation be given effect, it charges the appellant with representing himself as being the agent of the Mexican government and on that representation secured possession of the bonds. The appellant filed no motion to quash the indictment; however, we believe that the defects in the first and second counts in the indictment are fundamental.

At the conclusion of the testimony the appellant filed and presented his motion requesting the court to instruct the jury

to render a verdict of not guilty in that the allegations in the second count of the indictment specifically described certain bonds of five hundred dollar denominations and a thousand dollar denominations, while the proof showed that said bonds were of the denominations of five hundred pesos and a thousand pesos and therefore the proof was at variance with the allegations. The court, however, refused to sustain appellant's motion, to which action of the court the appellant then and there excepted. We are of the opinion that the court erred in this respect. It has been held by this court by an unbroken line of authorities that if stolen property be described with unnecessary particularity, the description must be proved as alleged. McGee v. State, 4 Texas App., 625; Poston v. State, 126 S. W., 1148; Ferguson v. State, 147 S. W., 592. Even if the proof corresponded with the allegations as alleged in the indictment, we do not believe that under the particular facts in this case the defendant is guilty of theft by conversion by bailee, but more likely to be guilty of theft by false pretext under article 1413, P. C., for which he could be prosecuted under an indictment charging ordinary theft. Dow v. State, 12 Texas App., 343; or upon another count in such indictment charging embezzlement.

The appellant also complains of the action of the trial court in overruling his motion for new trial, but inasmuch as we believe this case should be reversed for the errors hereinabove pointed out, it becomes unnecessary to discuss that question as it may not arise upon another trial.

By reason of the insufficiency of the testimony to sustain the second count of the indictment under which the appellant was convicted, this case is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.