ROSALIE SAULS (ALIAS R. CRENSHAW) v. THE STATE.

No. 18469.   Delivered June 10, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*Warren W. Moore* and *Horace W. Morelock*, both of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, three years in the penitentiary.

We find in the record neither statement of facts nor bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing appellant attacks the validity of the indictment. It is averred in substance that appellant had possession of an automobile belonging to a named corporation by virtue of a contract of hiring with said corporation, and that without consent of the corporation appellant fraudulently converted said automobile to appellant's own use, etc. The attack made on the indictment is that a corporation could only act through its officers or employees, and that the indictment should have alleged the name of the officer or employee without whose consent the conversion occurred.

The cases cited as supporting appellant's criticism of the indictment are thought not to sustain his position. In White v. State, 5 S. W., 857, and Thurmond v. State, 17 S. W., 1098, the indictment alleged ownership and want of consent in a named company, but omitted an averment that the company named was a corporation. In Kersh v. State, 45 Texas Crim. Rep., 451, 77 S. W., 790, and Barnes v. State, 46 Texas Crim. Rep., 513, 81 S. W., 735, ownership and want of consent was alleged in the person having actual control and management

of the property. We fail to perceive where Varratta v. State, 103 Texas Crim. Rep., 142, 280 S. W., 583, has application. DeBlanc v. State, 118 Texas Crim. Rep., 628, 37 S. W. (2d) 1024, cited by appellant seems to be directly against the contention.

It has been held in a number of cases that an indictment is good which lays ownership and want of consent in a named corporation, where it is averred that the concern named is a corporation. The holding has usually been accompanied by a suggestion that on account of the difficulty of making the necessary proof, the better practice is to aver ownership and want of consent in the special owner. See Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W., 928; Houghton v. State, 116 Texas Crim. Rep., 70, 32 S. W. (2d) 837; Kitchen v. State, 124 Texas Crim. Rep., 358, 62 S. W. (2d) 144; Modica v. State, 94 Texas Crim. Rep., 403, 251 S. W., 1049; DeBlanc v. State, 118 Texas Crim. Rep., 628, 37 S. W. (2d) 1024. Under authority of the cases last cited the criticism of the indictment must fail.

In the absence of the facts proven upon the trial we assume that the averments in the indictment were sustained.

The motion for rehearing is overruled.

*Overruled.*