Marvin **FOSTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52960.

Court of Criminal Appeals of Texas.

March 30, 1977.

Burnett & Burnett, John H. Miller, Jr., Sinton, for appellant.

F. A. Garcia, Dist. Atty., Hebbronville, S. N. Snedeker, Dist. Atty., Brownsville, C. H. Neal Duvall, Asst. Atty. Gen., McAllen, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars. Punishment was assessed at nine years. The indictment was under Article 1410 of the 1925 Penal Code which provided:

"'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the

same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

The indictment in the present case does not allege that the property was taken without the consent of the alleged owner. Under the former penal code, it was well established that "an indictment for theft is bad if it fails to allege the property was taken without the consent of the alleged owner." 5 Branch's Ann.P.C.2d, Section 2638, page 86. *Moore v. State*, 473 S.W.2d 523 (Tex.Cr.App.1971); *McWhorter v. State*, 125 Tex.Cr.R. 71, 65 S.W.2d 1101 (1933); *Kitchen v. State*, 124 Tex.Cr.R. 358, 62 S.W.2d 144 (1933); *Swink v. State*, 32 Tex.Cr.R. 530, 24 S.W. 893 (1894), and *Long v. State*, 39 S.W. 674 (Tex.Cr.App.1897).

The same rule was applied even though there was no exception to or motion to quash the indictment. This Court has held under the former penal code that such an indictment will not support a conviction.[1]

For the reasons stated, the judgment is reversed, and the prosecution under this indictment is ordered dismissed.

Richard D. Bird, Childress, for appellant.

John T. Forbis, County Atty., Childress, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

1. The majority of this Court has also held under the present penal code that the failure to allege "without the owner's effective consent" causes an indictment for theft to be fundamentally defective. *Reynolds v. State*, 547 S.W.2d 590 (1976). This writer did not agree and has suggested that legislation be adopted to prevent attacks upon indictments or informations where there has been no motion to quash filed prior to the plea if the accused knows what offense has been charged against him. This should be the rule, but as of the present time it is not. See the dissenting opinion in *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976), and in *Reynolds v. State*, supra.