**Opinion filed August 2, 2012**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-10-00255-CR, 11-10-00256-CR, & 11-10-00257-CR

_____

## ISAAC LOPEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-35,250, C-35,251, C-36,199**

### M E M O R A N D U M   O P I N I O N

Isaac Lopez, appellant, was charged with three offenses: failure to stop and render aid, evading arrest or detention, and murder. These offenses have separate indictments, jury charges, and judgments but were tried together. The jury convicted appellant of all three offenses and assessed his punishment at confinement for five years, confinement for ten years and a fine of $5,000, and confinement for seventy-five years and a fine of $10,000, respectively. The trial court sentenced appellant accordingly and ordered that the sentences shall run concurrently. We affirm.

On appeal, appellant presents two issues involving the trial court's charge to the jury on murder and on failure to stop and render aid. In his first issue, appellant contends that he suffered egregious harm as a result of the trial court's failure to instruct the jury that his actions could have been either "accidental" or "intentional and knowing" but that his actions could not legally have been both. Appellant reasons, therefore, that his convictions for failure to stop and render aid and for murder cannot stand. In his second issue, appellant contends that he suffered some harm from the trial court's refusal to instruct the jury on the lesser included offense of criminally negligent homicide.

Appellant does not challenge the sufficiency of the evidence. In his brief, appellant states that the evidence left no doubt that he suddenly put his vehicle into reverse and, in so doing, ran over Melissa Bustamante after an altercation involving appellant and others at Bustamante's house; that Bustamante died as a result of being run over by appellant's vehicle; and that appellant left the scene without stopping to help her. Appellant asserts that the disputed issue at trial was his mens rea, i.e., whether he acted intentionally, knowingly, recklessly, or accidentally.

Appellant addresses the issue of mens rea in his first issue on appeal. He argues that the jury should have been instructed that he could not be convicted of murder and of failure to stop and render aid because such verdicts are legally irreconcilable since he could not have caused Bustamante's death knowingly or intentionally and, at the same time, caused her death accidentally as a result of an accidental collision.

We do not agree with appellant's contention that he cannot be guilty of both murder and failure to stop and render aid. As charged in this case, a person commits the offense of murder if he intentionally or knowingly causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b) (West 2011). A person commits the offense of failure to stop and render aid if he operates a vehicle "involved in an accident resulting in" the injury or death of another person and he intentionally or knowingly fails to stop and render reasonable assistance. TEX. TRANSP. CODE ANN. §§ 550.021, 550.023 (West 2011); *Steen v. State*, 640 S.W.2d 912, 914–15 (Tex. Crim. App. 1982). The use of the noun "accident" in Sections 550.021 and 550.023 does not relate to the offender's mental state or mens rea. The term "accident" is not defined in the Transportation Code; therefore, we construe the term as have other courts according to its common usage. *See Sheldon v. State*, 100 S.W.3d 497, 501–03 (Tex. App.—Austin 2003, pet. ref'd). As used in Sections 550.021 and 550.023, the term "accident" commonly refers to a collision involving a

motor vehicle; it has also been interpreted to refer to an incident in which the passenger of a moving vehicle jumps or falls out of the vehicle. *See Sheldon*, 100 S.W.3d at 501–03 (passenger jumped out of vehicle); *Rivas v. State*, 787 S.W.2d 113 (Tex. App.—Dallas 1990, no pet.) (passenger jumped out of vehicle). Absurd results would follow if we were to agree with appellant's contention: the operator of a vehicle could intentionally collide with another car or run over a person and then leave the scene without being guilty of failing to stop and give information or render aid because there would be no "accident," whereas under the same scenario except that the collision is unintentional, the operator would be guilty. We construe the term "accident" as used in Sections 550.021 and 550.023 to include a situation where the operator of a vehicle knowingly or intentionally runs into a person.

Although the murder and the failure to stop and render aid in this case were part of a single crime spree, they were separate offenses. The murder was complete when appellant intentionally or knowingly ran over the victim. After running over the victim and, thus, being involved in an "accident," appellant then left the scene and thereby committed the offense of failure to stop and render aid. The trial court did not err in failing to instruct the jury that it could not convict appellant of both offenses, and the jury's guilty verdicts are not irreconcilable. Because the jury charge was not erroneous in this respect, we need not determine whether appellant suffered egregious harm as argued by appellant in his first issue. Appellant's first issue is overruled.

In his second issue, appellant complains of the trial court's failure to charge the jury on the lesser included offense of criminally negligent homicide. The record shows that the trial court gave an instruction on the lesser included offense of manslaughter for "recklessly" causing the victim's death, which the jury rejected, but that the trial court refused appellant's request to instruct the jury on criminally negligent homicide. In refusing appellant's request, the trial court stated that appellant's testimony produced only a "scintilla of evidence that would justify the submission" of a charge on criminally negligent homicide but that a rational jury could not find appellant guilty only of that offense.

A two-pronged test is used to determine whether a lesser included offense must be included in the jury charge when requested. A charge on a lesser included offense is required if (1) the lesser included offense is included within the proof necessary to establish the offense charged and (2) there is some evidence that would permit a rational jury to find that, if the

3

accused is guilty, he is guilty of only the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). If evidence from any source raises the issue that a lesser included offense may have been committed and the issue is properly requested, the charge must be given. *Moore v. State*, 574 S.W.2d 122, 124 (Tex. Crim. App. 1978). A defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, regardless of whether it is strong, weak, unimpeached, or contradicted. *Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Crim. App. 1974).

The first prong of the test is not at issue in this case as the State concedes that criminally negligent homicide is a lesser included offense of murder. *See Thomas v. State*, 699 S.W.2d 845, 847 (Tex. Crim. App. 1985). With respect to the second issue, we must determine whether there was some evidence in the record that would have permitted a rational jury to find that, if appellant was guilty, he was guilty of only criminally negligent homicide. A person acts with criminal negligence:

> [W]hen he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03(d) (West 2011).

After reviewing all of the record, we have found nothing in the record, not even appellant's testimony, that suggests that appellant failed to perceive or was unaware that a risk of death existed. *See Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992). Appellant acknowledged that he knew there were people around his pickup when he put it in reverse, revved the engine, and let off the brake. Although appellant said he did not see anyone behind him, he stated that people in the group "were banging all the way around my truck." We can find no evidence or any inferences therefrom that appellant was unaware of the risk that his conduct created. Thus, the trial court correctly determined that a rational jury could not conclude that appellant was guilty only of criminal negligence. Consequently, appellant was not entitled to an instruction on the lesser included offense of criminally negligent homicide.

Moreover, even if the trial court erred in refusing to charge the jury on criminally negligent homicide, such error was harmless. *See Levan v. State*, 93 S.W.3d 581, 584–87 (Tex. App.—Eastland 2002, pet. ref'd) (involving similar facts); *see also Saunders v. State*, 913

4

S.W.2d 564 (Tex. Crim. App. 1995). Under the facts of this case and in light of the jury's convicting appellant of murder instead of the lesser included offense of manslaughter, which would have allowed the jury to find that appellant recklessly caused the victim's death by disregarding a risk of which he was aware, any error in failing to charge the jury on criminally negligent homicide did not harm appellant. *See Masterson v. State*, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005). Appellant's second issue is overruled.

     The judgments of the trial court are affirmed.


                     JIM R. WRIGHT
                     CHIEF JUSTICE


August 2, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.