## H. L. LEE v. THE STATE.

### No. 107.    Decided November 3, 1909.

#### 1.—Theft of Cattle—Charge of Court—Original Taking.

Where, upon trial for the theft of cattle, the evidence showed that the owner of the alleged cattle drove them into a bunch of defendant's cattle, etc., and asked him to sell same and send him the money, the court should have charged the jury that, if defendant was not engaged in the original taking of the cattle in question, to acquit him, regardless of whether he sold the cattle subsequently; and the charge of the court, which made the defendant's guilt depend upon the fact whether he received and sold said cattle, and sent the money to the owner, was reversible error.

#### 2.—Recent Possession—Charge of Court—Weight of Evidence.

Upon trial for theft of cattle, a charge of court on recent possession, which instructed the jury that if such possession was of a character to demand of defendant an explanation, and he failed or refused to make the same, to find him guilty if such possession was personal, recent, exclusive, etc., was on the weight of the evidence. Following Berry v. State, 37 Texas Crim. Rep., 44, and other cases.

#### 3.—Same—Charge of Court—Recent Possession—Weight of Evidence.

A charge of the court on possession of property recently stolen, which charged the jury that, unless the defendant had opportunity to explain such possession, would not in itself warrant a conviction, but should be considered as a circumstance in connection with other evidence, is on the weight of the evidence. Following Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases.

Appeal from the District Court of Young. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John C. Kay,* for appellant.—On the question of recent possession and explanation: cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of cattle and his punishment assessed at two years confinement in the penitentiary. The evidence in this case shows that appellant, while driving some

cattle to Graham for shipment to Fort Worth, passed through the prosecuting witness' pasture. Appellant swears one Ed Poe drove a bunch of cattle into the herd that was being driven by him, appellant. Appellant further states that Poe subsequently requested him to take the cattle that he had placed in appellant's bunch to Fort Worth and remit the money to Poe after selling the cattle at Forth Worth. The evidence shows from other witnesses that Ed Poe was seen in conjunction with appellant driving a bunch of cattle at the time in question.

1. Under this state of facts the court charged the jury as follows: "The defendant sets up as a defense in this case that the head of cattle mentioned in the indictment, together with fifteen others, were by one Ed Poe, turned into a bunch of about forty head of cattle which defendant owned and was then driving to Graham, Texas, for shipment to, and sale at Fort Worth. And that the said Poe directed defendant to ship said cattle to Fort Worth and sell same with his (defendant's) cattle, and to send him (Poe) at Ardington, Indian Territory a check for the proceeds of same.

"Now, if you find and believe from the evidence in this case that the said Ed Poe did turn into defendant's bunch of cattle the head of cattle mentioned in the indictment, with others, and that the said Poe did instruct the defendant to ship the same to Fort Worth and sell the same with his (defendant's) cattle, and to send to him (said Poe) at Ardington, Indian Territory, a check for the proceeds of same, and if you further believe that the defendant accepted said cattle for shipment and sale as aforesaid, and that he did ship the said cattle to Fort Worth and there did sell the same and remit the proceeds by check to the said Ed Poe at Ardington, Indian Territory, and if you further believe that the defendant took no part and had nothing to do with the original stealing or taking of the cattle (that is, if they were stolen or taken) then you will acquit the defendant and say by your verdict not guilty." This charge is erroneous. Appellant would not be guilty of the theft of the cattle if Poe, without appellant consenting, drove the cattle into appellant's bunch. He might under a proper state of facts be convicted of receiving stolen property, but if appellant had nothing to do with the original taking of the cattle, but subsequently received same from Poe and carried them to Fort Worth and sold them, the utmost that he should be convicted for would be for receiving stolen property, knowing it to be stolen. It follows, therefore, the charge of the court is erroneous. Tucker v. State, 21 Texas Crim. App., 699; Boyd v. State, 24 Texas Crim. App., 570. It follows that the court should have instructed the jury, as above suggested, that if appellant was not engaged in the original taking of the cattle in question, they should find him not guilty regardless of whether he sold the cattle subsequently or not.

2. The sixth paragraph of the court's charge is as follows: "You

are further instructed that if you believe from the evidence that the property alleged to have been stolen (if stolen) was recently thereafter found in the possession of the defendant and that the circumstances connected with his possession were of such a character as to demand of him an explanation of his possession, and he failed or refused to make such explanation, then you are instructed that before you would be warranted in finding him guilty from such circumstances of possession alone, you must be satisfied that his possession was personal, was recent, was exclusive, was unexplained, and that it involved a distinct and conscious assertion of property by the defendant, and if any of these constituents are wanting, the defendant is entitled to be acquitted." The seventh paragraph of the court's charge is as follows: "You are further instructed that possession of recently stolen property without an opportunity of explaining his possession, is not sufficient of itself to warrant a conviction for theft, but should be considered by you as a circumstance in the case in connection with the other evidence in the case." These charges are not correct. See Wheeler v. State, 34 Texas Crim. Rep., 350; Berry v. State, 37 Texas Crim. Rep., 44; Webb v. State, 8 Texas Crim. App., 118; Mask v. State, 34 Texas Crim. Rep., 136. These charges are upon the weight of evidence.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*