### A. Muniz v. The State.

#### No. 614.　Decided May 18, 1910.

**Forgery—Passing Forged Instrument—Evidence—Introduction of Instrument.**

Where, upon trial of passing a forged instrument, the State failed to introduce the same in evidence the conviction could not be sustained. Following Bobbit v. State, 59 Texas Crim. Rep., 314.

Appeal from the District Court of Frio. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. B. Camp,* for appellant.—On question of failing to introduce forged instrument: Rollins v. State, 21 Texas Crim. App., 148; Dovalina v. State, 14 Texas Crim. App., 312; Haun v. State, 13 Texas Crim. App., 383.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of passing a forged instrument, his punishment being assessed at two years confinement in the penitentiary.

The instrument set up in the indictment was not introduced in evidence. Roberts, whose name was signed in the instrument, testified that the check shown him for $27.05, dated December 6, 1909, was not signed by him, nor did he authorize anyone to sign it. Appellant denied any knowledge of the instrument or that he cashed it. Appellant could not write.

One of the contentions is that the evidence is not sufficient and that it was necessary to introduce the alleged forged instrument in evidence before the jury. This question was decided favorably to appellant in the case of Bobbit v. State, this day decided. In that

case the authorities are collated. We deem it unnecessary to discuss this matter further.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*