## BILL CAMPBELL V. THE STATE.

No. 9765.    Delivered February 10, 1926.

**1.—Theft—Confession of Accused—Discovering Stolen Property—Admissible.**

Where, on a trial for theft, after his arrest, appellant confessed to the officers that he had thrown the rings that were stolen out of the street car while he was being carried from the place of arrest to the city hall, and from such statement the officers recovered two of the rings in question, such confession was properly admitted, because the fruits of the crime were discovered from the confession made by appellant. Following Hilliard v. State, 87 Tex. Crim. Rep. 416, and Jones v. State, 50 Tex. Crim. Rep. 329.

**2.—Same—Allegation and Proof—Variance Immaterial.**

Where appellant complains that the indictment charged the "theft of two diamonds," while the evidence showed the theft of certain rings set with diamonds, and by reason of such variance he was entitled to an acquittal. The authorities are against his contention, the identical question being decided in the case of Matheson v. State, 89 Tex. Crim. Rep. 135. Also see Henderson v. State, 97 Tex. Crim. Rep. 247.

**3.—Same—Cross-Examination—Argumentative Question—Properly Rejected.**

There was no error in the action of the trial court in refusing to permit appellant, on his cross-examination of the witness Hunt, to ask him if he was just as sure that he saw the appellant in Houston in 1923 as he was of any of his other testimony. Such question was merely argumentative and not a proper cross-examination of the witness.

ON REHEARING

**4.—Same—No Error Presented.**

On rehearing we find nothing in appellant's motion leading us to believe that our original opinion did not properly dispose of the matters presented in the case, and the motion for rehearing will be in all things overruled.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for theft, penalty ten years in the penitentiary.

The opinion states the case.

*Calloway & Short* of Dallas for Appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the district court of Dallas County for the offense of theft of diamonds over the value of $50, and his punishment assessed at ten years in the penitentiary.

The record discloses that the appellant was charged by indictment with theft of diamonds belonging to one Casler, which the state's evidence shows to have been taken from the residence of said Casler, and one of which was recovered from appellant while he was attempting to pawn same shortly after said alleged theft. and the others recovered where appellant had thrown same from the street car after being arrested, from information given by appellant to the officers in making a confession thereof. It was the contention of the appellant on the trial, that he obtained said rings by advancing a loan to another party.

The appellant has not favored us with a brief in this case, but we find in the record three bills of exceptions. Bill of exception No. 1 complains of the action of the court in permitting the state to show and introduce in evidence statements of the appellant while under arrest, relative to his throwing the rings out of the street car while he was being carried from the place of arrest by the officer to the city hall. The appellant contends he was not duly warned, same was not reduced to writing, and therefore inadmissible. The court refused the bill as presented by the appellant and prepared one of his own, which shows that from the confession and statements of the appellant, the officers recovered two of the rings in question. This bill shows no error in the admission of testimony because the fruits of the crime were discovered from the confession made by the appellant. Hilliard v. State, 87 Tex. Crim. Rep. 416; 222 S. W. 553; Jones v. State, 50 Tex. Crim. Rep. 329.

Bill No. 2 complains of the action of the court in refusing to submit appellant's special charge to the jury to the effect that the indictment charged the "theft of two diamonds," while the evidence showed theft of certain rings set with diamonds, and by reason of such variance to return a verdict of not

guilty. There is nothing in this contention, as this court has held against the appellant on this identical question in Mathesen v. State, 89 Tex. Crim. Rep. 135; also see Henderson v. State, 97 Tex. Crim. Rep. 247; 260 S. W. 868.

Bill No. 3 complains of the action of the court in permitting the state on cross examination of the witness Hunt to ask him if he was just as sure that he saw the appellant in Houston in 1923, as he was of any of his other testimony. This bill as presented shows no error in the matters complained of.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved.

### ON MOTION FOR REHEARING

HAWKINS, JUDGE.—We find nothing in appellant's motion for rehearing leading us to believe our original opinion did not properly dispose of the case.

The motion is therefore overruled.

*Overruled.*