## LAWRENCE ASHLEY V. THE STATE.

No. 10999.   Delivered June 24, 1927.

**1.—Theft of Hog—Evidence—Statements of Co-defendant—Properly Admitted.**

Where on a trial for theft of hogs, there was no error in admitting statements made by one of appellant's co-defendants, in the absence of appellant, after the commission of the theft, such statement relating to the concealing of the meat of the stolen hogs.

**2.—Same—Bill of Exception—Qualification of Court—Not Properly Excepted To.**

Where the court attached qualifications to several of appellant's bills of exception, and counsel for appellant wrote after the signature of the judge on said bills, that counsel for appellant objected and excepted to the qualifications, and signed his name thereto, same was insufficient in the absence of the approval of the court.

**3.—Same—Statements of Accused—Res Gestae—Properly Admitted.**

Where, on a trial for theft of hogs, officers armed with a search warrant

found meat concealed under the floor of appellant's residence, the explanation by him of such possession, made at the time, was res gestae and properly admitted.

**4.—Same—Evidence—Properly Received.**

There was no error in permitting the owner of the stolen hogs to testify as to his identification of his hogs which were found in possession of appellant's co-defendant.

**5.—Same—Continued.**

Nor was there error in permitting a witness to testify that when the officers were searching for the stolen meat he saw appellant's co-defendant, Jesse Reece, come out of his house with "a sack full of something."

**6.—Same—Continued.**

It is well settled that "even after the conspiracy has ended, as an exception to the general rule, it may be shown that a co-defendant or co-conspirator was found in possession of the fruits of the crime, etc. See Branch's Ann. P. C., Sec. 695, and cases there cited.

**7.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant's bill of exception complaining of the admission of testimony fails to state sufficient facts to show the alleged error complained of, this court will presume that the trial court ruled correctly in admitting the evidence. See Rutherford v. State, 277 S. W. 669, and Raglen v. State, 284 S. W. 548.

**8.—Same—Reopening Case by State—No Error Shown.**

There was no error in the court permitting the state to introduce other evidence, after the case was closed, and before the charge was read to the jury. This matter was within the sound discretion of the court, and no error is shown.

**9.—Same—Requested Charge—On Defensive Theory—Improperly Refused.**

Where appellant's defense, supported by the evidence, was that any connection he might have had with the stolen property was after the hogs had been stolen and carried away, the trial court committed a reversible error in refusing appellant's special charge submitting this issue. See Lee v. State, 57 Tex. Crim. Rep. 177, and other cases cited.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for theft of hogs, penalty two years in the penitentiary.

The opinion states the case.

*Rowe & Rowe* of Livingston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of hog theft, and his punishment assessed at two years in the penitentiary.

It was the contention of the state that Bud Guy, Zeke Goodall, Jesse Reece, Richard Bryant and the appellant stole four or five hogs from Martin Branch, the prosecuting witness, on the date alleged in the indictment. It was upon the testimony of Richard Bryant, a confessed accomplice, that the state largely relied for a conviction.

The appellant did not testify, but defended upon the ground that he was not connected in any manner with the alleged original taking of the hogs in question, that Bud Guy already had the hogs in his possession when he, appellant, became connected with the transaction, and that, because of statements made at said time, he believed that the hogs belonged to Bud Guy.

The record discloses that the appellant was separately indicted and tried for this alleged offense.

There are seven bills of exception in the record.

Bill No. 1 complains of the action of the court in permitting the state's witness, Richard Bryant, to testify about eating and disposing of some of the stolen meat, and to testify concerning a conversation had by him with another co-defendant in the absence of the appellant. The appellant objected to this testimony upon the ground that it was irrelevant and immaterial, that it did not connect him with the fraudulent taking of the hogs, and that it was hearsay, and if any conspiracy ever existed it had ended. The court, in qualifying this bill, states that it was the contention of the state that all of the parties were acting together and conspiring to steal said hogs, and that the testimony complained of related to the hiding and concealing of the meat. This bill, as qualified, shows no error.

Following the signature of the trial judge to this bill of exception is a statement, signed by appellant's counsel, to the effect that the appellant "objected and excepted" to the court's qualification. Since this objection and exception follows the signature of the trial judge and is signed by appellant's attorneys only, it cannot be considered as a part of the bill. The record contains other bills of exception in the same condition.

In bill No. 2 complaint is made to the action of the court in permitting Deputy Sheriff Gore to testify that upon obtaining a search warrant and searching appellant's house the officers found meat concealed under the floor of his residence, and that the appellant at first denied any knowledge concerning the meat, but later stated that his wife's father had given to her the hog from which the meat was made. The appellant contends that

the admission of this testimony was error, since he was practically under arrest at the time, and had not been warned, and the statements were not reduced to writing. We are not in accord with this contention, and are of the opinion that this testimony was admissible as a part of the res gestae of that transaction and as the appellant's explanation for having in his possession recently stolen property, when his ownership and possession of same was first questioned.

Bill of exception No. 3 complains of the action of the court in permitting the prosecuting witness to testify that he was present when the officers searched appellant's premises and the premises of the other parties implicated in the alleged theft and that only one of the butchered hogs recovered bore his marks on its ears, the heads or ears having been cut or carried away from the remaining bodies of said hogs. The appellant contends that this evidence was irrelevant and prejudicial because the butchered hogs in question were not found in his possession, but in the possession of one of the other parties charged with the offense. This bill presents no error.

Bill No. 4 complains of the action of the court in permitting the state's witness, Jim Bogany, to testify that he saw Jesse Reece come out of his house carrying a "sack full of something" when the officers were down there searching for stolen meat. The appellant contends that this etstimony was immaterial and prejudicial and that he was not bound by the acts of Jesse Reece. This bill is qualified by the trial court to the effect that the state contended that all of the parties were acting together in the theft of the hogs, and this evidence tended to show a hiding and concealing of the fruits of the crime. This bill, as qualified, shows no error. Branch's Ann. P. C., Sec. 695, states:

"Even after the conspiracy has ended, as an exception to the general rule it may be shown that a co-conspirator or co-defendant was found in possession of fruits of the crime," etc., citing Pierson v. State, 18 Tex. Crim. App. 561, Bowen v. State, 60 Tex. Crim. Rep. 604, 133 S. W. 256, and many other authorities.

Bill 5 complains of the action of the court in permitting the state to impeach a statement made on the stand by the witness Bogany by showing that he had previously told the State's Attorney that Jesse Reece was running when he came out of his house carrying the sack mentioned in bill No. 4. Appellant contends that this was an attempt by the state to impeach its own witness on an immaterial issue, and that it was hearsay and prejudicial. The court qualifies this bill by stating that the tes-

timony complained of was limited to impeaching purposes. This bill is insufficient to show upon its face any error, in that it fails to state sufficient facts to show the alleged error complained of, and in the absence of such a showing this court will have to presume that the trial court ruled correctly in admitting this testimony. Rutherford v. State, 277 S. W. 669; Raglen v. State, 284 S. W. 548.

Bill No. 6 complains of the action of the court in permitting the state, after the testimony had been closed but before the court's charge had been read to the jury, to introduce additional evidence by the witness Holliday. The court qualifies this bill by stating that he offered appellant's counsel ample opportunity to question this witness on all the points inquired about by counsel for the state, and that none of the witnesses had been excused and all were present at said time. This bill presents no error. Such matters are left to the discretion of the trial court, and where there is no abuse of such discretion shown, this court is unauthorized to interfere with the ruling of the trial court thereon.

Bill No. 7 complains of the action of the court in permitting Sheriff Holliday to testify that while the appellant was under arrest he made a voluntary statement to him advising him where he would find some of the hogs that had been stolen. Appellant's counsel objected to the admission of this testimony upon the ground that appellant was under arrest when he made the statement and had not been properly warned. The court, in qualifying this bill, states that the sheriff further testified that as a result of the information given him by appellant he found three of the stolen hogs. This testimony was clearly admissible under Art. 727, C. C. P., which exempts from the statutory formalities of warning, reduction to writing, etc., such confessions as lead to the discovery of fruits of the crime. For collation of authorities see Vernon's C. C. P., Art. 727, note 12. Also see Snow v. State, 291 S. W. 558.

The appellant complains of the failure of the court to charge the jury to the effect that if he was not connected with the original taking of the hogs in question, to acquit him, and of the refusal of the court to give appellant's special charges 2 and 4 on this issue. The appellant properly excepted to the court's general charge for his failure to give an instruction on this issue to the jury, and also excepted to the refusal of the court to give the said requested special charges thereon. This issue was clearly raised by the testimony of the state's witness,

Richard Bryant, who testified that he and Bud Guy were in possession of the hogs when the appellant first became connected with the transaction, and same should have been submitted to the jury for their determination. The appellant having been charged with the theft of the hogs, he could not be convicted if the testimony showed that his associates had stolen them before he became connected with the transaction, and if the testimony further showed that he was only guilty, if at all, of receiving stolen property. See Lee v. State, 57 Tex. Crim. Rep. 177, 122 S. W. 389; Looney v. State, 80 Tex. Crim. Rep. 317, 189 S. W. 954, and Coleman v. State, 82 Tex. Crim. Rep. 332, 199 S. W. 473.

For the error above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.