·HARRY HANCOCK V. THE STATE.

No. 11459.　Delivered February 1, 1928.

**1.—Burglary—Former Jeopardy—Not Established.**

　　Where appellant filed a plea of former jeopardy to the effect that he had been tried and acquitted of the offense for which he was about to be tried, and his bill of exception complaining of the overruling of his plea is qualified by the court with the statement that he was being tried for an entirely different offense, not related to the one for which he had been formerly tried, and no evidence was submitted by appellant upon his plea, having accepted this bill he was bound by it and no error is shown.

**2.—Same—Oral Confession of Defendant—When Admissible.**

　　It is well settled that oral statements of an accused under arrest and unwarned are admissible if as a result of information contained in such statements a part or all of the alleged stolen property is thereafter discovered. See Webb v. State, 102 Tex. Crim. Rep. 360, and other cases cited.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Grover Adams, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Geo. C. Purl* of Dallas, for appellant.

*Wm. McCraw*, Criminal District Attorney of Dallas County, and *A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for the offense of burglarizing a house owned and occupied by one Harry Turner. His punishment was assessed at a term of two years in the penitentiary.

By bill of exception No. 1 it appears that appellant filed a plea of former jeopardy, alleging in substance that he had theretofore been tried and acquitted of the offense with which he was charged and about to be tried. Appellant's bill was qualified by the court with the statement that he was charged by a different bill of indictment with burglarizing the house of one J. B. Moore, which was tried in the same court; that the two indictments alleged entirely different offenses and transactions; that the appellant at the time of presenting his plea did not ask to submit any evidence nor was any introduced by appellant upon his plea, nor was any exception taken to the court's failure to submit such plea of former jeopardy to the jury. The appellant having accepted this bill and filed same is bound by the statements of the trial court contained in the said qualification. The matter as thus presented shows no error.

Bill of exception No. 2 complains of the admission in evidence of the oral confession of the appellant made to one Pat Richards, an officer, while he was under arrest. This bill affirmatively shows that as a result of such confession some of the stolen property from the burglarized premises was subsequently discovered and recovered.

The oral statements of an accused under arrest and unwarned are admissible, if as a result of information contained in such statements a part or all of the alleged stolen property is thereafter discovered. Webb v. State, 102 Tex. Crim. Rep. 360; Montgomery v. State, 101 Tex. Crim. Rep. 474; Weller v. State, 16 Tex. Crim. App. 200; Vernon's C. C. P., Art. 727, note 12. The court's action in admitting this testimony was correct.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.