JOHN MONCRIEF v. THE STATE.

No. 12798. Delivered November 27, 1929.

The opinion states the case.

*L. D. Griffin* of Plainview and *Fred C. Pearce* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The sufficiency of the evidence to prove the offense of burglary is challenged, and the position is well taken. The cases of Jones v. State, 7 S. W. 699; Lowe v. State, 124 S. W. 932; Hill v. State, 44 Tex. Cr. R. 603; Herndon v. State, 50 Tex. Cr. R. 552, are deemed in point. The evidence is circumstantial. The appellant was seen at night time standing in the door of the store of Berman, having what the witness Bauman *took to be* two sacks of flour or meal and a couple of brooms. He and the witness spoke to each other. The front door of the store had been locked the night before. There were two keys to the lock, one of which was in possession of the owner and the other in the possession of Jones, a clerk. There were other employees in the store. There were also other entrances to the store. The condition of the other entrances (the windows and doors) was not described. Touching their condition the record is silent. The appellant told the owner that the door was found open. There was some evidence that the appellant was a night watchman. The goods in his possession were not identified as having come from the store. The lock was not broken so far as the record shows. No reason is given for the failure to identify the property. No check of the goods was made to determine whether any were missing, and no satisfactory explanation of the failure to do so is given, except the inference that the knowledge of the stock of goods was not such as would have enabled them to determine by checking the goods on hand whether any had been taken.

Deeming the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*