T. M. HOUGHTON AND RALPH JONES v. THE STATE.

No. 13534.   Delivered October 8, 1930.
Rehearing denied November 26, 1930.
Reported in 32 S. W. (2d) 837.

The opinion states the case.

*L. G. Mathews* of Floydada, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The count of the indictment under which appellants were tried and convicted alleged ownership of the burglarized building and of the property taken therefrom in Phillips Petroleum Company, a corporation.   The testimony of the state was to the effect that P. H. Mitchell was the agent in Ralls of Phillips Petroleum Com-

pany. Touching his agency, Mr. Mitchell testified that he was bulk agent of all of the Phillips Petroleum Company's business in Ralls; that he had the burglarized filling station in his charge and under his control for Phillips Petroleum Company, and acted for said company in conducting the business of said station; that the property belonged to Phillips Petroleum Company, but was under his control and he was responsible for it; that he received a commission of two cents on each gallon of gasoline as compensation for his services. He testified further that someone broke the plate glass out of the window and took from the building a cash register belonging to Phillips Petroleum Company, and that said building was entered and the cash register taken therefrom without his consent. An accomplice testified that he went to the filling station at night with appellants in an automobile; that he remained in the car while appellants went to the rear of the station; that he heard glass breaking; that later he went into the filling station with appellants; that appellants brought a cash register from the station, which they carried away in the automobile. Other witnesses testified to facts and circumstances placing appellants in the automobile described by the accomplice near the filling station. The cash register was recovered near a highway appellants were seen to travel on the night of the burglary. A finger print expert testified that he found the finger prints of appellants on the cash register. Other corroborative circumstances were testified to, which we deem it unnecessary to detail.

Appellants take the position that the allegation of ownership is not supported by the proof. There is no rule of law which inhibits the naming of a corporation as the owner in an indictment for theft. Modica v. State, 251 S. W. 1049. The rules as to alleging and proving ownership in cases of burglary are the same as in cases of theft. Branch's Annotated Penal Code, Section 2324; Moore v. State, 59 Tex. Cr. R. 365, 128 S. W. 1115; Payne v. State, 148 S. W. 694; Whorton v. State, 151 S. W. 300; Powers v. State, 162 S. W. 832. P. H. Mitchell had the care and control of the filling station and the property therein, as agent of the corporation. The actual care, control and management of the property of a corporation must of necessity be in some natural person,—someone acting for the corporation. Osborne v. State, 245 S. W. 928. The opinion is expressed that the proof supports the allegation of ownership.

We find in the record written objections to the charge of the court because of its failure to embrace an instruction covering the law of circumstantial evidence. The objections are merely marked "overruled" over the signature of the trial judge. It is not certified that they were presented before the reading of the main charge to the jury. Hence the question of the propriety of the charge is not presented for review. If the exception should be considered, the opinion is expressed that the facts proven are in such close juxtaposition to the main fact to be proven (the breaking and entry) as to be equivalent to direct evidence. Skirlock v. State, 284 S. W. 545; Montgomery v. State, 116 S. W. 1160.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment charged the ownership of the burglarized premises in the Phillips Petroleum Company, a corporation. The proof showed that the possession of its property was in Mitchell, an agent of the corporation mentioned. The position taken by the appellants is that there is a variance between the proof and the averment, the contention implying that the ownership should have been laid in the agent. It could have been laid in the agent. See White v. State, 24 Tex. Cr. App. 231; Thurmond v. State, 30 Tex. Cr. App. 539; Modica v. State, 251 S. W. 1050; Osborne v. State, 245 S. W. 928. It could likewise be laid in the corporation as is stated in the cases mentioned. See also Bishop's New Crim. Proc., Vol. 3, p. 1320, sec. 138, subd. 5. The corporation being an inanimate entity, the physical control of its property could be exercised only through an agent. The cases cited above are illustrative of the views of this court heretofore expressed that the procedure followed in the present instance is in accord with the law of the land. The discussion of the subject in the Modica case, supra, is deemed pertinent, from which we take the following:

"In the fifth count, the owner was named as the Beaumont, Sour Lake & Western Railway Company, a corporation. There is no rule of law which inhibits the naming of a corporation as the owner in an indictment for theft. There is nothing in the case of Green v. State, 82 Tex. Cr. R. 420, or other cases cited by the

appellant which is opposed to this rule. On the contrary, the cases of White v. State, 24 Tex. App. 231, 5 S. W. 857, and Thurmond v. State, 30 Tex. App. 539, cited by appellant, recognize the sufficiency of an indictment naming the corporation as the owner. They suggest that a better practice would be to place the ownership in an individual. The practical value of this suggestion is referable to the proof rather than the averment, in that the proof of want of consent is much easier when the averment places the ownership in an individual. On this subject, see Bishop's New Crim. Proc., sec. 138; Cyc. of Law & Proc., Vol. 25, p. 95; Wharton's Crim. Law, sec. 1180."

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.