JIMMIE BEAUCHAMP v. THE STATE.

No. 13452. Delivered October 15, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 476.

218

The opinion states the case.

*F. A. Dale* of Bonham, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty, confinement in the penitentiary for one year.

The record recites that a recognizance had been taken in the sum of one thousand dollars. However, the recognizance does not appear in the record. It is essential that the recognizance appear in the transcript so that this court may determine whether it is such as to give jurisdiction.

The clerk of the District Court of Fannin County is directed to prepare and forward to the clerk of this court a supplemental transcript embracing the recognizance.

The clerk of the Court of Criminal Appeals will give notice of this order.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully transporting intoxicating liquor; penalty, confinement in the penitentiary for one year.

The transcript having been corrected, the appeal will now be considered on its merits.

Both the statement of facts and the bills of exception are almost wholly in the form of questions and answers. The record is void of any certificate of the trial judge affirming the necessity for bringing up the record in question and answer form. By the terms of Art. 760, Subd. 3, C. C. P., 1925, it is required that statements of facts and bills of exception be in narrative form and shall not contain the questions and answers except upon the certificate of the judge that the questions and answers are necessary to elucidate the fact or question involved. That the court is not authorized to consider a statement of facts consisting of questions and answers

unless there be some necessity therefor certified by the trial judge at the time the statement of facts is approved was specifically declared by this court in an opinion by Presiding Judge Davidson, in the case of Hargrave v. State, 53 Tex. Cr. R. 147, (decided March 11, 1908) in which an act of the 30th Legislature was construed. A like announcement was again made by the court in the opinion of Judge Ramsey in the case of Essary v. State, 53 Tex. Cr. R. 596. The court has consistently made a like declaration as will be noted in the cases collated in Vernon's Ann. Tex. C. C. P., 1925, Vol. 3, p. 100, subd. 23. The rule has also been applied in the following recent cases: Gifford v. State, 101 Tex. Cr. R. 7; Tuckness v. State, 101 Tex. Cr. R. 483; Brown v. State, 101 Tex. Cr. R. 495. A like rule pertains to bills of exception. See Borroum v. State, 110 Tex. Cr. R. 243.

It is contended that the proof that there was whisky in the automobile was improperly received for the reason that the fact was ascertained by an illegal search. The testimony, part of which was before the jury and part before the judge, is summarized as follows: Brown, a deputy sheriff, while at his home, observed an automobile on a public road about a quarter of a mile away. It appeared to be in the ditch. He got on his horse and rode to the car with the thought of helping to extricate it and believing from the appearance that it belonged to Doctor Boles. Upon reaching the car he observed that it was not Doctor Boles' car. After looking in various directions for its owner and observing no one he, after about twenty minutes, got off his horse and went to the car to examine it in order to ascertain, if possible, its owner. He opened the door and looked in the car to see if there were any papers or anything that would designate the ownership of the car. While looking in the car he smelled whisky. When he opened the car door, he had no idea of searching for whisky and had no reason to believe that there was whisky in the car. After discovering the odor, he opened the back of the car and there found about nine half-gallons of whisky.

Primarily, whether there is the existence of probable cause is a matter for the court. McPherson v. State, 108 Tex. Cr. R. 265; Filpot v. State, 26 S. W. (2d) 202. The judge, in the present case, after hearing the evidence that preceded the search, received in evidence proof of the result of the search, from which it is inferred that he regarded the predicate for the proof of the result properly laid. The facts attending the transaction being uncon-

troverted, the submission of the issue of "probable cause" to the jury was not necessary.

Whether, in the condition of the record, we have the authority to consider the facts and express an opinion as to their effect, is questionable. If such right exists, the view is expressed that the officer, finding the automobile on the public road in a disabled condition and with no one in charge of it, was not committing a trespass by opening the door for the purpose of ascertaining the ownership of the car; and if, in the course of a lawful investigation he discovered the commission of an offense, his pursuit of the matter and the finding of the whisky cannot, in the opinion of this court, be classified as an unreasonable search.

In bill of exception No. 3, misconduct of the jury is averred. The evidence heard upon the motion for new trial is set out. It is the contention of the appellant that during the deliberations of the jury and before the verdict was agreed upon, there was mentioned the fact that the appellant had previously been tried and convicted for violation of the liquor law. Most of the jurors testified that they heard no mention of the matter at all. One or two of them stated that one of the jurors asked if the appellant had not been mixed up in a liquor law case heretofore and given a suspended sentence. The foreman of the jury promptly admonished the juror that the subject was one which could not be discussed. The evidence on the hearing presents a condition upon which the finding of the trial judge in favor of the State is conclusive upon appeal.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We regret we can not look to the statement of facts to verify the assertions made in appellant's brief regarding what is shown by the facts, since it is the rule of this court, following the statute, not to consider statements of facts when they are brought here in question and answer form. We were compelled to decline to consider the bills of exception and statement of facts largely because of the condition same appeared in the record. Such of the facts as we deemed fairly before us were weighed, and we think the issues made thereby were properly decided in our former opinion.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.