CARL FERGUSON v. THE STATE.

No. 14272. Delivered June 3, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Adams & Hamilton,* of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The indictment herein charged the burglary of a building occupied by Joe Pollard, with the intent to take from said building property therein being and belonging to said Pollard without his consent and with intent to deprive him of the value thereof, it being further averred that Pollard was the agent and manager for the Temple Lumber Company. Appellant moved to quash the indictment for various reasons. We do not think the fact that the special owner Pollard was described in the indictment as the agent of the Temple Lumber Company would in anywise affect the sufficiency of the indictment. Under all the authorities the averment of ownership of the burglarized house and contents may be laid in a special owner as well as a general owner. The testimony showed that Mr. Pollard had a special ownership in the house and property mentioned.

We find in the record some sixteen bills of exception, each of which has been examined but in the majority of which the questions raised do not seem to call for a discussion of any character.

There is complaint of the reception in evidence of testimony concerning conversations had by the officers with appellant after he was arrested.

The objection against the reception of such testimony,—that appellant was under arrest, is rendered of no avail by proof of the fact that in consequence of the statements made by him and the information then given the officers thereafter found and located the property alleged to have been stolen from the burglarized house. Under all the authorities and article 727, C. C. P., the fact that the accused was under arrest when he made the statement, avails him nothing.

Appellant makes complaint of the fact that one of the jurors who tried him was discovered after the trial to be neither a freeholder in the county nor a householder in the state. Evidence regarding this matter was heard when motion for new trial was presented. Conceding the fact that the contention is true and that information of this fact was prevented by reason of the silence of the juror when the general questions upon this point were asked by the court below during the qualification of the talesmen, still in view of the fact that the lowest penalty was given, and that there is no showing made of any particular injury resulting, we must follow the authorities and hold the matter of no injury. Leeper v State, 29 Texas App., 72, 14 S. W., 398; Lane v. State, 29 Texas App., 319, 15 S. W., 827; Mays v. State, 36 Texas Crim. Rep., 437, 37 S. W., 721; Martinez v. State (Texas Crim. App.), 57 S. W., 838, 839.

Finding no error for which the case should be reversed, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The averment in the indictment charging the ownershp as follows: "a house therein situated and occupied by Joe Pollard, agent and manager for the Temple Lumber Co., etc." is sufficient. See Thurmond v. State, 30 Texas Crim. Rep., 539, 17 S. W., 1098; Houghton v. State, 116 Texas Crim. Rep., 70, 32 S. W. (2d) 837; Sogdell v. State, 81 Texas Crim. Rep., 66, 193 S. W., 675; DeBlanc v. State, 118 Texas Crim. Rep., 628, 37 S. W. (2d) 1024, and precedents cited therein.

The house in the possession of Joe Pollard was burglarized twice within a short time. This case relates to the second burglary. A quantity of brass was taken from the building.

Vernon Wilson testified that he, together with Carl Ferguson and Lester Wilson, broke into the house and took therefrom a quantity of brass, which they sold. Lester Wilson gave like testimony.

Horwitz, a dealer in brass, testified to the purchase of a quantity of brass and the issue of checks in payment thereof, payable to L. W. White. Horwitz settled for the brass with the Temple Lumber Company. The checks were cashed by the witness Garetto, the keeper of a restaurant.

The appellant and two other persons were present at the time the checks were cashed.

An officer who investigated the offense testified that he was told by the appellant, while under arrest, that they brought the brass in and sold it to the Republic Iron & Metal Company; that the brass was taken from the house of the Temple Lumber Company at Pineland. Jones, the officer, testified further that after receiving the information mentioned from the appellant, he and other officers went to the Republic Iron & Metal Works and found a quantity of brass.

The checks were identified by Horwitz, who managed the Republic Iron & Metal Company, as having been given to L. W. White in payment for the brass. The cancelled checks were gotten by the officers from the bank. The checks, endorsed by L. W. White, payable to the Republic Iron & Metal Company, endorsed by the Republic Iron & Metal Co., by Max Horwitz, also endorsed by L. W. White, and Rodrigo Garreto, were introduced in evidence.

The accomplices testified that the stolen property was delivered to Max Horwitz, who surrendered it to the Temple Lumber Company. The identity of the stolen property received as that stolen is sufficiently shown by circumstances. The testimony of the witnesses that the building was burglarized, the property stolen and payment with the checks introduced in evidence, while challenged in various bills of exception, was properly received. Some of the bills are in substance in question and answer form. Many of them are otherwise deficient in failing to contain averments showing the facts surrounding the introduction of evidence. A discussion of them would serve no useful purpose. The case of Moncrief v. State, 113 Texas Crim. Rep., 606, 21 S. W. (2d) 1065, and others cited by the appellant, are not analogous to the facts shown by the present record.

The confession of the appellant while under arrest resulting in the discovery of the stolen property was admissible under the confession statute. (Article 727, C. C. P.)

The complaint of the reception of evidence to the effect that Horwitz, the purchaser of the stolen property, made a settlement with the owner of the property, if improper, was harmless. The complaint of it, however, is not presented in such a manner as to demand consideration. The bill is too meagre to intelligently present the point desired. Moreover, it is in question and answer form, which is prohibited by the statute, article 760, subd. 3, C. C. P., 1925. See also Beauchamp v. State, 116 Texas Crim. Rep., 217, 32 S. W. (2d) 476.

The motion for rehearing is overruled.

*Overruled.*