WILLIAM RICHARD DAVIS v. THE STATE.

No. 17974. Delivered March 25, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*Wright Stubbs,* of Austin, for appellant.

*James P. Hart,* District Attorney, *E. G. Moorhead* and *William Kay Miller,* Assistant District Attorneys, and *Lloyd W. Davidson,* State's Attorney, all of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The proof on the part of the State was to the effect that on the 7th of January, 1935, appellant and Fred Hill robbed Will Foster, a street car conductor. In the perpetration of the robbery Hill shot and killed Foster. Appellant made a voluntary confession in which he stated that he and Hill committed the robbery and that Hill fired the fatal shot. Appellant defended on the ground that he was temporarily insane as a result of the use of marijuana cigarettes.

It is shown in bill of Exception No. 1 that appellant sought

a continuance because of the absence of three witnesses. As to one of said witnesses it was averred in the application that he lived in the State of California, and that because of such fact, appellant had issued no process for him. It is not shown when the witness went to California. The record reflects no effort to obtain the deposition of the witness. Hence sufficient diligence is not shown. Martin v. State, 242 S. W., 234; Cliff v. State, 261 S. W., 144. As to the other witnesses, it is shown that no process had been issued for them. The diligence was not sufficient.

As a result of information given him by appellant, one of the arresting officers found the money changer that had been taken from deceased at the time he was robbed. This officer was permitted to testify, over appellant's objection, to the oral confession appellant made to him at the time he told him what he had done with the money changer. The objection was properly overruled. Under the terms of Art. 727, C. C. P., the oral confession of the accused may be received in evidence when it results in the discovery of secreted property connected with the alleged offense. Silva v. State, 278 S. W., 216.

It is shown in bill of exception No. 5 that appellant asked the witness Thomas Williams if he knew the difference between right and wrong when he (the witness) was under the influence of marijuana. The State's objection to the question was sustained. The bill of exception is defective in failing to show the answer the witness would have given. Dodgen v. State, 49 S. W. (2d) 446.

Bills of exception 7 and 8 are concerned with questions propounded to appellant's father and mother, each being asked whether appellant knew the difference between right and wrong when he was under the influence of marijuana. In qualifying the bills the trial judge eliminated therefrom the testimony it was averred the witnesses would give. In other words, as qualified, said bills fail to show what the answers of the witnesses would have been. Proctor v. State, 25 S. W. (2d) 350; Dodgen v. State, supra. If the bills should be considered, it is observed that the court, in his qualification, states that neither of said witnesses testified to ever having seen appellant use marijuana. Under the circumstances, they were in no position to testify that appellant did not know the difference between right and wrong when under the influence of marijuana.

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The contention presented in the appellant's motion for rehearing is substantially the same as that which was before the court on the original hearing. In the original opinion all the matters that are advanced in the motion for rehearing were examined and the views of the court expressed thereon. We find nothing in the motion for rehearing which has not been fully discussed in the original opinion. However, we have reviewed the record in the light of the motion for rehearing, but in view of what has been said, we deem it unnecessary to make further remarks in overruling the motion, which is accordingly done.

*Overruled.*