ROOSEVELT HAGGINS v. THE STATE.

No. 19346.   Delivered February 2, 1938.

The opinion states the case.

*J. H. Martin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence; the punishment, confinement in the penitentiary for five years.

During the night of the 18th of January, 1937, the private residence of J. F. Wakefield was burglarized. The property taken from the house consisted of a table cloth of the value of forty dollars, several napkins, a pair of pajamas and other personal property. When appellant was arrested he told one of the officers that he had entered Mr. Wakefield's home on two occasions in the nighttime and had taken therefrom certain property. In connection with his statement to the officer, appellant told him where some of the property could be recovered. In consequence of the statements made to him by the appellant and the information then given, the officer thereafter went with appellant to the home of Willie Ann King, where he recovered the table cloth that had been taken from Mr. Wakefield's home. Willie Ann King testified that she bought the table cloth from appellant. She denied that she knew that it was stolen property.

Appellant failed to testify in his own behalf, and introduced no witnesses.

Bill of exception No. 1 reveals that Mr. Wakefield testified that his wife told him that the house had been entered in the nighttime. The bill is qualified by the trial judge to show that he sustained appellant's objection. It might be added that one of the officers testified, as hereinbefore shown, to the effect that appellant told him that he entered the burglarized premises in the nighttime. This testimony was in no manner controverted. Under the circumstances, the bill of exception fails to present reversible error.

Bill of exception No. 2 is concerned with the action of the trial judge in permitting an officer to testify that appellant told him that he had entered Mr. Wakefield's house on two occasions during the nighttime. It appears that at the time the declarations were made by the appellant he was under arrest. However, the bill of exception is qualified to show that in connection with such declarations, appellant made certain statements of facts and circumstances which led to the finding of some of the stolen property. As qualified, the bill of exception fails to

present error. Appellant having made statements in connection with his confession which led the officers to the location of the stolen property, said confession became admissible under the terms of Art. 727, C. C. P., notwithstanding appellant was under arrest. Ferguson v. State, 40 S. W. (2d) 107.

Bill of exception No. 3 recites that appellant's objection to the testimony of one of the officers to the effect that appellant had told him that he had burglarized a number of houses was overruled. Conceding that the objection was well taken, it is observed that the State's testimony showing the appellant's guilt was uncontroverted. The minimum penalty was assessed against the appellant. Moreover, in view of the fact that Art. 776, C. C. P., inhibits the suspension of sentence upon conviction of burglary of a private residence at night, appellant made no application that the sentence be suspended, and the question of suspension was not submitted in the charge of the court. Under all of the circumstances, we are unable to perceive how the reception in evidence of proof of other offenses could have been prejudicial. Hence we are constrained to hold that the bill of exception fails to present reversible error.

We are unable to agree with appellant that the evidence is not sufficient to show that the entry into Mr. Wakefield's residence was made in the nighttime.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.