## OCTOBER 10, 1945

LEROY CLEMENTS V. THE STATE.

No. 23165. Delivered June 20, 1945.
Rehearing Denied October 10, 1945.

538

The opinion states the case.

*Williams & Bell,* of Childress, and *Wm. J. Bragg,* of Memphis, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of theft of one cattle. The

punishment is assessed at confinement in the state penitentiary for a term of two years.

Appellant seriously challenges the sufficiency of the evidence to justify and sustain his conviction. To this we cannot agree. The State's evidence, briefly stated, shows that on or about the 5th day of September, 1939, S. G. Bruce missed his milk cow. About three weeks later he received information that his cow was somewhere at Enid, Oklahoma. Thereupon, he in company with Sid Partain, a deputy sheriff of Childress, Texas, went to Hobart, Oklahoma, where they saw the appellant, who was then and there confined in jail. They talked to him about the cow and he told them to whom he had sold her and where she could be found. We will here quote from the testimony given by Mr. Bruce as the same appears in the record:

"I got the information that the cow was there from Leroy Clements; he told me where the cow was located. We went in accordance with the instructions he had given us and found the cow where he said it was. He said that he sold her to a man that worked at the ring in Enid, Oklahoma. * * * I didn't have any idea where the cow was until he told me. From the instructions that the defendant gave me, I was able to find the cow. * * * I don't think I could have found her, except for what the defendant told me. I located her from the statements made by the defendant. * * * After I came back to Hall County, I later saw this defendant and talked to him with reference to this particular cow. He said he got the cow about midnight, and was sorry, and would like to make it up to me, and straighten it up. * * *The cow I found there was the same cow that I had owned in Hall County, and was the one taken from my place about September 5, 1939. * * * I did not give this defendant, Leroy Clements, or anyone else permission to take that cow from me."

Mr. Sid Partain testified as follows:

"I went with Mr. Bruce in trying to locate the cow to Enid. On the way over there, I did see this defendant at Hobart, Oklahoma. I did have a conversation with him with reference to the cow. He told me where the cow was, and following the information that he gave me, we located the cow. He told me that he had sold the cow to a man that was working in the sales ring. He gave us his name and what part of town he lived in. I took this data down when he gave it to me. * * * We went to Enid and got hold of the deputy sheriff and he went with me. We found the man that had the cow and Mr. Bruce identified it as his.

I did not know anything about where the cow was located until this defendant told me where it was located. * * * Mr. Bruce didn't know where the cow was, so far as I knew. The only thing we knew was that she was in that part of the country somewhere."

Appellant did not testify but proved by his aunt, Mrs. Shields, that she lived at Lawton, Oklahoma; that on September 5, 1939, he spent the night at her home; that he arrived there about nine or ten o'clock A. M.; that it was about 100 miles from Lawton, Oklahoma, to Memphis, Texas.

The court, in his charge, instructed the jury that although they believed from the evidence beyond a reasonable doubt that the State proved the confession of the defendant to the effect that he stole the one cattle in question, yet they could not convict the defendant on such confession, if any, alone, unless there is proof, other than the confession, that the said one head of cattle had been stolen by some person, and unless they found from all the facts introduced before them, other than the alleged confession, if any, that said one head of cattle was stolen, that they could not convict the defendant on said confession alone, and if they so failed to find or had a reasonable doubt, to acquit him.

In Paragraph 7 of his charge the court instructed the jury as follows:

"You are further instructed that you cannot consider for any purpose the statements alleged to have been made by the defendant to the witnesses, Bruce and Partain, while in jail at Hobart, Oklahoma, unless you find and believe beyond a reasonable doubt that such statements led to the locating and finding of the one head of cattle charged in the indictment to have been stolen from the witness Bruce, in Hall County, Texas."

It will be noted that the court instructed the jury that the statements made by defendant to Bruce and Partain while in jail could not be considered by them for any purpose unless they believed from the evidence beyond a reasonable doubt that such statements led to the finding of the one head of cattle in question, etc.

The charge above quoted was written to conform to the objection of the appellant. It appears to us from the record that the court first drew the charge which he presented to the appellant's attorneys for their examination and objection, if any they desired to urge thereto; that after they had presented their objec-

tions, the court prepared the charge above quoted so as to meet the objections. That the cow in question belonged to Mr. Bruce and that it was stolen on the night of September 5, 1939, is not controverted by any fact or circumstance. The human tracks which Bruce found near his lot after the cow had disappeared showed that one of the parties wore a broad-toe shoe; that appellant was wearing such a shoe when Bruce talked to him at Hobart, Oklahoma. Furthermore, after appellant came back to Texas, he again spoke to Mr. Bruce about the theft of the cow and told him that he took the cow about midnight; that he was sorry and wanted to know if he could not straighten the matter up with Mr. Bruce. There is not any evidence from any source that appellant was under arrest at the time he made this statement. It occurs to us that this, together with his confession, established the corpus delicti. In support of what we have said here, we refer to the following cases: Black v. State, 137 Tex. Cr. R. 173; Bussell v. State, 148 S. W. (2d) 413.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting S. G. Bruce and Sid Partain to testify over appellant's objection to conversations which they had with him while he was in jail at Hobart, Oklahoma. Both witnesses testified that while talking to the defendant in jail, he admitted that he took the one head of cattle from Mr. Bruce and sold her to a man who worked in the ring at Enid, Oklahoma. It will be noted that as a result of the information secured from appellant, Bruce and the witness Partain were able to find and recover the cow. This matter was properly submitted to the jury in Paragraph 7 of the court's main charge. It seems to be the well-settled rule in this state that admissions or confessions of the accused while under arrest which lead to the recovery of the stolen property are admissible. See Campbell v. State, 103 Tex. Cr. R. 488; Ashley v. State, 107 Tex. Cr. R. 465; 296 S. W. 892; Hancock v. State, 108 Tex. Cr. R. 657; Ferguson v. State, 118 Tex. Cr. R. 57; Davis v. State, 93 S. W. (2d) 154. Many other cases might be cited. Also see Art. 727, C.C.P.

We recognize the rule that one cannot be convicted on an extrajudicial confession alone, but where there are other facts proven which show that the offense was committed and the confession connects appellant with the commission of said offense, the evidence will ordinarily be deemed sufficient to sustain the conviction.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

APPELLANT'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant predicates his motion for rehearing upon two propositions: (a) That the trial court should have charged on the law of circumstantial evidence, (b) that the evidence was not sufficient to support the judgment.

The law is that in order to take the case out of circumstantial evidence the confession of the accused in a theft prosecution must be an "unequivocal" admission of the theft of the property involved. We have carefully re-examined the statement of facts and fail to discover anything lacking in appellant's statement which would call for the application of the rule stated.

The evidence other than apellant's statement established that some person stole Mr. Bruce's cow. As we understand the record the cow was found and recovered as a result of the statement made by appellant while in jail at Lawton, Oklahoma. This brings the confession within the exception contained in Art. 727 C. C. P.

The motion for rehearing is overruled.