FLOYD CARL DAVIS V. STATE

No. 28,176. March 28, 1956.

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, 12 years.

It was established that a safe, containing a large amount of money and checks, was taken from the Burt's Food Market by means of a burglary. It was later identified by the owner after it had been retrieved from the bottom of Greens Bayou, a body of water some distance from the scene of the burglary.

The appellant's oral confession was introduced in evidence, and his sole ground for reversal is predicated upon its admission. The two investigating officers testified that they questioned the appellant for a while during the morning following his arrest and that shortly after noon he confessed that he was one of three men who broke into the place of business, carried the safe away, and later dumped it in Greens Bayou. The officers stated that prior to the time the appellant told them where the safe was submerged they had no idea where it might be found. They stated that after he told them they carried him to Greens Bayou, where, with the aid of a skin diver, the safe which had been sawed open and its contents removed was located under fifteen feet of water.

There is no evidence to contradict the officers' testimony that they first learned of the safe's whereabouts from the appellant. However, it is appellant's contention, which he plausibly argues, that the officers might have or did first learn of the safe's whereabouts from the appellant's companion, who also was in custody and who lead another group of investigating officers who had him in charge, to Greens Bayou at just about the time the appellant and his interrogators arrived.

The officers who were interrogating the appellant emphatically denied that they had interrogated the appellant's companion

in crime or had learned of the safe's whereabouts from the officers who were questioning him.

With nothing to contradict this testimony, we would not be at liberty to hold that it was not the appellant's confession which led the officers to the fruits of the burglary.

Finding no reversible error, the judgment of the trial court is affirmed.