HENRY CHARLES LANGER, JR. V. STATE

No. 32,781. February 8, 1961

Motion for Rehearing Overruled March 15, 1961.

*Conrad E. Smith,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., James Shatto,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The offense is burglary with a prior conviction for burglary alleged for enhancement; the punishment, twelve years.

The state's witness Betty Mayes testified that the house in which she lived was entered, while it was closed, by someone without her consent by cutting the screen and forcing a window open; that a radio and a gun which were in the house were taken, and that they were later returned to her by the officers.

Detective Lee testified that the appellant first denied but later admitted the burglary of Mayes' house and taking the radio and gun; and that he recovered the radio and gun as a result of information furnished him by the appellant.

Proof was offered of the prior conviction alleged and that the appellant was the same person so convicted. Further, on cross-examination, appellant admitted he had been previously convicted of burglary as alleged in the indictment.

Testifying in his own behalf, the appellant denied committing the burglary and named one Hatfield as the person who did, saying that after the burglary Hatfield took the radio and gun to his (appellant's) mother's home and left them, and when his mother so informed him by telephone he told her to "get rid of it." He further testified to physical abuse by the officers while in their custody which caused him to make certain admissions. The testimony of his mother and the pictures of him made shortly after his release from custody were offered to corroborate his testimony of abuse by the officers.

Appellant called Officer Leake as a witness. He was one of the two officers that arrested him, and Officer Leake testified that appellant first denied but later admitted the Mayes' burglary. He further testified that appellant was not mistreated or abused while in their custody.

In rebuttal, the officers whom the appellant testified had physically abused him denied the truthfulness of his testimony.

The jury resolved the issue of facts against the appellant and the evidence supports its verdict.

Appellant contends that the court erred in permitting the arresting officers to testify as to certain oral admissions he allegedly made to them while under arrest.

The proof, both for the state and by appellant's own testimony, shows that in connection with the alleged admissions the the stolen property was recovered. Further, the proof shows that appellant directed and accompanied the officers to the place where the arresting officers had no knowledge of the whereabouts of the stolen property prior to appellant's admissions and its recovery.

In Clements v. State, 148 Tex. Cr. R. 537, 189 S.W. 2d 703, 705 we said:

"It seems to be the well-settled rule in this state that admissions or confessions of the accused while under arrest which lead to the recovery of the stolen property are admissible. See Campbell v. State, 103 Tex. Cr. R. 488, 280 S.W. 1058; Ashley v. State, 107 Tex. Cr. R. 465, 296 S.W. 892; Hancock v. State, 108 Tex. Cr. R. 657, 2 S.W. 2d 264; Ferguson v. State, 118 Tex. Cr. R. 57, 40 S.W. 2d 107; Davis v State, 130 Tex. Cr. R. 253, 93 S.W. 2d 154. Many other cases might be cited. Also see Art 727, C.C.P."

In addition see: Vaughn v. State, 143 Tex. Cr. R. 150, 157 S.W. 2d 894; Alexander v. State, 151 Tex. Cr. R. 235, 207 S.W. 2d 881; Davis v. State, 162 Tex Cr. R. 592, 288 S.W. 2d 499; Riley v. State, 168 Tex. Cr. R. 417, 382 S.W. 2d 306.

Appellant seeks a reversal in this court on the ground that his trial counsel was not competent to defend him on the trial of this case and relies on Rodriguez v. State, 169 Tex. Cr. R. 365, 340 S.W. 2d 61.

He relies upon the fact that Officer Leake was called as a witness in behalf of the appellant and testified as set out above and that his counsel agreed to a correction of the court's charge. This is insufficient to show that the appellant had incompetent counsel or that he was deprived of adequate representation by counsel at his trial.

Appellant contends that the trial court erred in refusing to grant his motion for a mistrial when the state called and tendered to him as a witness in the presence of the jury, James Hatfield, the person appellant claims committed the burglary.

James Hatfield was called by the state into the court room in the presence of the jury, sworn as a witness, and then the state's attorney said; "We want * * * to make him available to either side as a witness." At this time appellant moved the court to declare a mistrial which was overruled. Nothing further occurred or was said before the jury retired from the court room.

No motion was made to instruct the jury not to consider the statement of the state's attorney or the tender of the witness. From the record no reversible error is shown. 42 Tex. Jur. 204, Sec. 157.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.